Russell W. Steger, Claimant-Appellant, v. Sherlie I. Lappin, Executor of the Estate of Richard Lappin, Deceased, Defendant-Appellee.

Gen. No. 69–86.

Second District.

January 27, 1970.

Nettles and Mahoney, of Freeport, for appellant.

Laughlin and Laughlin, of Freeport, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

This appeal is from a judgment order denying a claim by Russell Steger, claimant, against the Estate of Richard Lappin, Deceased, a former employee.

At issue is whether the trial court correctly found that there was no promise to repay money advanced to decedent during his lifetime, except from the employee's earnings from commissions.

The court below, sitting without a jury, reviewed his findings of fact and law in a memorandum of opinion. He found that Lappin was a man of some 17 years' experience in the insurance business, and the Steger Agency was anxious to secure him from his previous employment; each of the monthly checks to Lappin bore the legend "advances" or "adv.," and were also so described in the Steger Agency ledger sheets; at the beginning of the employment, Lappin told Steger that he needed to make $900 a month; [1] and there was no evidence of an express agreement to repay any sums.

[1] The testimony was that the parties contemplated that there would be $600 monthly from the New England Mutual Insurance Company under an "advanced plan financing agreement for experienced agents," plus a salary from Steger of $300 a month. However, the insurance company would only agree to $500 monthly on the advanced plan financing agreement basis and Steger agreed to add an additional $100 a month.

The court found that a note given by Lappin to Steger at the outset of their negotiations in the amount of $985, being without a maturity date and providing for no interest, merely evidenced the amount due at that time and was not inconsistent with a "simple advance without any agreement to repay from monies other than the commissions earned." [2]

The court further found from the evidence that after about six months of employment Lappin, in 1967, asked for additional money and presented his financial statements which he said indicated his needs for an additional $100 per month; that otherwise he would have to seek other employment; that as an inducement to keep Lappin, Steger agreed to pay the additional amount to assure Lappin of $1,100 per month. The court further noted that it was obvious from the financial statement furnished by Lappin that recovery could not have been reasonably expected from any source other than future commissions.

Claimant argues that the manifest weight of the evidence clearly shows a mutual intention to repay the advancements represented by the promissory note and the additional monthly sums advanced beyond the financing agreement and the monthly salary items.[3] In

[2] The testimony was that Lappin had incurred a number of expenses in connection with his previous employment which he felt he had to meet before he would be able to make the new association and to give him "peace of mind to proceed." A check from Steger to Lappin is dated March 17th, 1966, in the amount of $985 with no reference to the purpose of the payment on the check. A promissory note signed by Lappin to the order of Steger in the same amount is dated March 15th, 1966, and also has no reference to the purpose of the obligation.

[3] Claimant agrees that it was not contemplated that the financing plan payments or the salary would be repaid out of any other source than the commission account and makes no claim for these items.

support of this argument claimant relies principally upon the bookkeeping entries in Steger's ledger, which were furnished monthly to Lappin, as proof that the additional payments, which are claimed, were treated separately from the items which were not intended to be claimed and which were not included in the ledger accounting.[4]

█ Claimant further relies considerably upon Lappin's own financial statement furnished to Steger at the time he asked for the additional amount in 1967 which lists the $985 item under the heading of "notes" and the additional monthly advances by Steger, not including the "salary items" as "monthly advances" under the heading of "financing."

█ The rule of construction has been enunciated: Where a contract of employment provides for advances to any employee, which are to be charged to and deducted from commissions, the employer cannot recover from the employee in the absence of either an express or implied agreement to repay any excess of advances over commissions earned. Srere v. Rapp, 233 Ill App 190, 194 (1924).

This rule is consonant with the majority rule in the United States which holds that unless there is an express stipulation or convincing circumstances indicating a contrary arrangement, advances to an employee will

---

[4] A representative portion of the ledger shows:

| Date 1966 | Item | Debits |
|---|---|---|
| 3 15 | Adv. | 985.00 |
| 6 15 | Adv. | 100.00 |
| | | 1085.00 |
| 7 1 | Adv. | 100.00 |
| | | 1185.00 |
| 8 1 | Adv. | 100.00 |
| | | 1285.00 |

be presumed to constitute minimum compensation. Agnew v. Cameron, 247 Cal App2d 619, 55 Cal Rptr 733, 735–6. See also 165 ALR 1367, Annotated. (For the somewhat similar but converse situation wherein the employee sues to recover for advances promised but not paid and which are in excess of commissions earned, see 95 ALR2d 504, Annotated.)

██ ██ The rationale of the existence of the majority rule is that the employee's undertaking is in the nature of a joint enterprise with the employer, the main object of which is the employer's business, and it is not to be assumed that the employee, in furnishing his time and ability, is to assume all risk. Consideration is also given to the assumption that an employer has superior bargaining power which imposes upon him the duty to make the return of previously transferred funds a matter of explicit contract, recognizing a judicial reluctance to cause forfeiture of money already received. The burden to show a contrary intent is placed upon the party seeking repayment. Srere v. Rapp, supra, page 195. Agnew v. Cameron, supra, at page 736; 165 ALR, Annotated, supra.

██ We believe that the trial court correctly applied the rule of construction to the facts of this case. There was no express agreement to repay excess of commissions over advances. The full time services of an experienced employee were sought in furtherance of the Steger Agency business and payment to him was made in regular monthly amounts. Neither any of the testimony nor the records in evidence are sufficient to show an implied agreement that the employee would repay any advances, except from commissions which he earned. The promissory note was given at the initiation of the employment, was carried on the employer's ledger as an "advance." The fact that Lappin's financial statement in evidence carried the note under one heading and the

150

advances sought to be recovered by the employer under a separate heading is simply a classification and record of money advanced, but does not answer the question of which fund is to be made available for their payment.

The employee's statement, at the time of the subsequent increase in his advance, that he considered the amounts his personal obligation is also not determinative of any agreement to repay irrespective of the earning of commissions.

In fact, the evidence points to the contrary conclusion that it was perfectly apparent, because of the employee's financial condition, that commissions to be earned were the only fund which could be expected to be available to repay the advances. The clear implication from the record is that the employer intended to pay a minimum compensation to meet the employee's stated needs and expected that the arrangement would last long enough and be successful enough to enure to the agency's advantage.

We, therefore, affirm.

Affirmed.

DAVIS, P. J. and MORAN, J., concur.