BADE, APPELLEE, *v.* DUFFY, APPELLANT.

[Cite as Bade v. Duffy (1978), 57 Ohio App. 2d 170.]

(No. C-77248—Decided June 7, 1978.)

*Mr. Arthur E. Freedman,* for appellee.

*Mr. James O. Bradley,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal; the transcript of the docket, journal entries and original papers from the Hamilton County Municipal Court; and the transcript of the proceedings, the briefs and the oral arguments of counsel.

Appellant seeks reversal of a judgment obtained by his former employer (appellee) for $4,979.83 on a claimed personal debt arising from appellant's failure to reimburse his employer for the unearned portion of his drawing account. He assigns two errors: error in receiving plaintiff's exhibit 1, a summary prepared by the company's home office in Illinois of the debits and credits to appellant's drawing account; and error in holding that the "Draw Account Agreement" between appellant and appellee made

appellant personally liable for the repayment of the excess of amounts drawn down over commissions earned.

The first assignment of error is well taken. The statement of account was received without compliance with the rules of evidence, and more particularly without compliance with R. C. 2317.40 (business records as evidence). In addition, the record is devoid of any other testimony proving the exact amount of commissions earned by appellant during his period of employment.

The second assignment of error seeks a ruling from this Court that as a matter of law, the Draw Account Agreement failed to create a personal obligation to repay the excess of draw over commissions. Under the facts and circumstances in evidence, we are unwilling to make such a rule, for the reasons explained below; therefore, we overrule the second assignment of error.

The overwhelming preponderance of case law is that while the parties to a drawing agreement may provide for personal liability, the general presumption is that such personal liability is not created in the absence of an express agreement by the employee to become personally liable, and that since the employee's activities benefit the employer who drafted the agreement, the principal's sole source of reimbursement is intended to be the commissions earned so far as they might go. Annotation, 32 A. L. R. 3rd 802. The Draw Account Agreement in this case does not contain a clear, written agreement by appellant personally to repay the excess draw over commissions; in fact, it says that the loans shall be repayable from commissions earned during employment. The further statement in the agreement that on termination of employment, the loans will be repaid "at Bade's demand" does not constitute an express promise to be personally liable to Bade.

On the other hand, while the agreement designates these payments to appellant as a loan from Bade, payment of the "draw" to appellant was made by company checks. Bade received the money from the company under an identical Draw Account Agreement whereby the company advanced the monthly draw to Bade for the purpose of pro-

viding financial support for appellant. It is a reasonable inference from the evidence that Bade had to make good to the company. Further, the employment letter from Bade to Duffy sets forth certain conditions of employment, including compliance with "the attached proposed Distributor Contract," and with "agreed to administrative policies." Neither the Distributor Contract nor the administrative policies are in evidence.

Taking into account all of the facts and circumstances suggested by the evidence, we would not be justified in ruling that as a matter of law, a personal agreement to repay cannot be proved by direct or circumstantial evidence. The Draw Account Agreement appears to be ambiguous, and the evidence contains too many unresolved questions. As stated before, the presumption is that the repayment of a drawing account must come from the commissions only, without personal liability, even though such words as "advance," "loan" or "draw" are used. *Harold Furnace Co.* v. *Junglas* (1949), 40 Ohio. Op. 75, 88 N. E. 2d 586. This presumption may be overcome by an express, written agreement that the advances shall constitute the personal indebtedness of the employee. *Jefferson Standard Life Ins. Co.* v. *Herrick* (1943), 45 Ohio Law Abs. 594. Such an agreement may also be proved by other types of evidence, including testimony of oral understandings and the use of reasonable inferences from circumstantial evidence. The second assignment of error is not well taken.

We reverse the judgment below and remand this case for further proceedings pursuant to law.

*Judgment reversed.*

BETTMAN, P. J., CASTLE and BLACK, JJ., concur.