MILLER ET AL., APPELLEES, *v.* LEVY, APPELLANT.

Cite as Miller v. Levy (1978), 60 Ohio App. 2d   78.]

(No. 78AP-74—Decided August 15, 1978.)

*Mr. Ronald E. Plymale,* for appellees.
*Mr. Hillard M. Abroms,* for appellant.

REILLY, J. This is an appeal from a judgment of the Franklin County Municipal Court. The case was tried to the court. The half-sheet entry reads as follows:

"Trial had and concluded. Judgment for Plaintiff for $2655.00 plus interest & costs-plus $500.00 as and for Attorney's fees."

Appellant filed a request for findings of fact and conclusions of law. (Note Civil Rule 52.) This request was not granted, and a judgment entry was journalized January 10, 1978.

The record shows that appellees were a duly organized Illinois corporation engaged in the business of representing the Bonneau Company selling sunglasses. Appellees employed appellant upon an oral agreement to sell sunglasses wholesale to retail stores in the Ohio and Kentucky area. The only written agreement between the parties apparently was a convenant not to compete, entered August 4, 1974, wherein appellant was referred to as a "sales agent." The terms of the oral agreement concerning appellant's compensation were that appellees were to provide $300 a week in advances, which were to be charged to and deducted from appellant's commission account. Furthermore, during October 1974, appellees advanced appellant the sum of $1,200 for replacement

of his automobile. When appellant terminated his employment, his commission account had a deficit of $1,455.

Appellees filed suit to recover $2,655, the total amount that appellant's drawing account exceeded commissions earned. As noted above, the trial court found for appellees, ordering judgment in the amount claimed, plus interest and costs, and attorney's fees in the sum of $500. This appeal has now been perfected, including the following assignments of error:

"1. The Court erred in overruling Defendant-Appellant's Motion to Dismiss for the reason that the Plaintiff-Appellee (Corporation) is not entitled to maintain the action in Ohio because it does not have a license to do business in this state, and, therefore, the decision of the Court was against the manifest weight of the evidence and/or contrary to law.

"2. The Court erred in failing to find that the relationship of Principal/Agent and/or Master/Servant existed between Plaintiff-Appellee and Defendant-Appellant, said finding being against the manifest weight of the evidence and/or contrary to law.

"3. The Court erred in failing to find that, in the absence of a special agreement, an agent, employee or servant who receives advances on account of commissions (draw against commissions cannot be held to a personal liability for such advances, said failure being against the manifest weight of the evidence and/or contrary to law.

"4. The Court erred, pursuant to Civil Rule 52, in failing to grant Defendant-Appellant's request for findings of fact and conclusions of law.

"5. The Court erred in ordering attorney fees to the Plaintiff-Appellee, said order being against the manifest weight of the evidence and/or contrary to law."

Appellant, in his second assignment of error, claims the trial court erred in its failure to expressly rule upon the nature of the employment relationship between the parties—whether it was principal agent, master servant, or independent contractor. This was not prejudicial, however, because a finding upon the exact nature of the employment relationship was unnecessary. Employment, standing alone, was sufficient for determining the extent of appellant's

liability. The record shows that an employment relationship, in fact, existed between the parties, as manifested by appellees' complaint, as well as the transcript. Thus, the issue for determination is whether an employer can recover any excess of advances paid, over commissions earned, from an employee in the absence of an express or implied agreement to pay the excess. We note Annotation 32 A. L. R. 3d 802, 805-806:

"It is broadly stated or recognized as an underlying principle that the question whether an agent, servant, or employee is personally liable to the principal, master, or employer for an excess of advances or draws over his earned commissions, bonus, or share of profits, requires interpretation of the contract between the parties to ascertain their intention.

"The Restatement, Agency 2d §382 Comment d, while recognizing that the issue is one of interpretation of the contract between the parties, takes no position on whether, in construing the contract, there is a presumption in favor of the agent. *However, the overwhelming preponderance of case law* is to the effect that while the parties may provide in the agreement for personal liability, in the absence of language, or at least some evidence, indicative of such an intention, it will generally be presumed that no liability was intended, and that the principal's sole source of reimbursement was intended to be the fund contemplated, that is, the anticipated commissions, bonus, or profits.***" (Emphasis added.)

Hence, in the absence of an express or implied promise creating the repayment obligation, case law overwhelmingly holds that a presumption arises that the employee is not personally liable for the amount that advances exceed commissions earned. This basic presumption in the employee's favor has a two-fold rationale: that if repayment was intended the employer had the superior bargaining power to make his rights explicit, and that the employment advances the employer's business interest; consequently, the employee does not bear the entire risk. This presumption is by far the majority rule, having apparently been rejected only in Pennsylvania. Note *Steger* v. *Lappin* (1970), 199 Ill. App. 2d 146, 255 N. E. 2d 87; *Insurance Management of Washington, Inc.,* v. *Guthrie* (D. C. App. 1973), 310 A. 2d 61; *Union Central*

*Life Ins. Co.* v. *Coolidge* (1970), 357 Mass. 457, 259 N. E. 2d 188; *Jefferson Standard Life Ins. Co.* v. *Herrick* (1943), 45 Ohio Law Abs. 594; *Harold Furnace Co.* v. *Junglas* (1949), 55 Ohio Law Abs. 9.

In this case, the oral agreement concerning appellant's commission provided for $300 weekly advances drawn against his commission account. The evidence does not show an agreement between the parties whereby appellant assured repayment of the obligation in the event of a deficit in his drawing account. Appellant testified that there was no agreement as to his personal liability for the excess, and appellees did not introduce any evidence to the contrary. Hence, in the absence of any agreement as to appellant's repayment obligation, it is presumed that he is not liable for the $1,455 as appellees contend. Since appellees were in a superior bargaining position, they should have made their rights to repayment clear; therefore, the $1,455 advanced was speculation in a common enterprise, in which appellant did not bear the entire risk. As to the $1,200 lump sum advanced to appellant during October 1974, appellant testified that it was treated as an advance and was charged to his drawing account. Moreover, he testified that it was agreed that it should be repaid through the commission structure.

Appellees testified that the $1,200 advance was not considered a loan, and there was no interest charged for its use. Appellees' business records show that the sum was entered as an additional draw against appellant's account. Although appellees testified that their internal intent was to consider the $1,200 a loan requiring repayment, the contrary intention was indicated from the agreement between the parties. Consequently, appellant's secret intent was irrelevant. In the absence of appellant's promise, written or oral, to return the excess advances, there was no personal obligation upon appellant to repay the $2,655 which appellees claim.

Accordingly, appellant's third and fifth assignments of error are well taken and sustained. Therefore, appellant's first, second, and fourth assignments of error become moot and are overruled.

*Judgment reversed.*

HOLMES, P. J., and STRAUSBAUGH, J., concur.