[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
These appeals, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, are not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The trial court granted judgment in favor of Advance Bag Packaging Co. on its claim against Terry Orr for repayment of the unearned portion of his drawing account. The trial court further granted judgment in favor of Orr on his counterclaim against Advance Bag for payment of a commission on one of Orr's sales accounts. Both parties have appealed.
Normally, the law presumes that an employee is not personally liable to his employer for repayment of the difference between amounts drawn by the employee over commissions earned by the employee. But that presumption may be overcome by evidence of an express agreement between the parties that the employee is to be personally liable for the difference. SeeBade v. Duffy (1978), 57 Ohio App.2d 170, 385 N.E.2d 1346. The trial court found that such an agreement existed in this case.
In his single assignment of error, Orr alleges that the trial court erred in finding that Advance Bag was entitled to damages. In its cross-appeal, Advance Bag asserts that the record does not support the trial court's decision to reduce Advance Bag's judgment by the amount of a commission related to one of Orr's sales accounts. Both assignments are without merit.
"On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279, 376, N.E.2d 578, syllabus.
In this case, the trial court heard evidence that established the following. As an at-will employee, Orr had no agreement with Advance Bag as to the length of his employment. Orr's employment could therefore have been terminated at any time by Advance Bag.
In July 1997, Advance Bag agreed to pay Orr a $90,000 draw, $60,000 of which was Orr's guaranteed base salary. Orr agreed in return that if his commissions did not meet or exceed $90,000, he would be personally responsible for paying Advance Bag the difference between his $90,000 draw and his $60,000 base salary.
From July 1997 until Orr's resignation in March 1998, Advance Bag paid Orr $58,973.84. Of that amount, $41,538.46 represented the salary actually earned by Orr during his employment. So when Orr resigned, the difference between the amount Orr had actually drawn and the amount Orr earned was $17,435.38.
Furthermore, the evidence established that, by January 1998, at the time Orr's draw was reduced to $70,000, Orr's earned commissions (of approximately $25,000) fell far short of the amount needed to justify his $90,000 draw. When it became obvious that, after seven months, Orr would not be able to achieve the commissions needed, Advance Bag reduced Orr's draw to $70,000, and, in turn, Orr's liability to the company.
Orr continued to work for Advance Bag under the reduced draw amount until March 1998. Orr's speculation that the reduced draw "was going to make a dramatic impact on my sales ability" was simply not supported by the record. Furthermore, the trial court was within its province to believe the testimony of the president of Advance Bag that the reduction "in no way, infringed upon [Orr's] opportunity to generate income for himself. All it did was reduce the amount of money that the company was, in essence, loaning him in advance of commissions to be earned in the future." See DeHass, supra.
Because the trial court found that Advance Bag had failed to give Orr credit for a commission of $5,345.21, it granted to Advance Bag a judgment in the amount of $12,090.77, which was $17,435.98 less the $5,345.21.
Based upon the foregoing, we conclude that the judgment of the trial court was supported by competent, credible evidence going to all the essential elements of the case. Accordingly, we overrule both assignments of error and affirm the judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 ______________________ Hildebrandt, P.J.
Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.