JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant School Specialty, Inc. ("School Specialty") appeals from the dismissal of its complaint against defendant-appellee Elisa Race ("Elisa") by the Cuyahoga County Court of Common Pleas. For the following reasons, we reverse and remand. The record before us reveals the following: School Specialty is in the business of selling supplies and furniture to schools throughout the State of Ohio. Elisa was employed by School Specialty from November 2000 to September 2002 as a salesperson.
 {¶ 2} On May 1, 2003, School Specialty filed a complaint against Elisa for breach of contract in the Cuyahoga County Court of Common Pleas. School Specialty's cause of action alleged that Elisa failed to reimburse the company in the principal amount of $34,008 for draws on her commission account. The complaint contained a bold face notice that "This communication is from a debt collector."
 {¶ 3} On June 2, 2003, Elisa filed a motion to dismiss on the grounds that the income and funds paid to her by School Specialty were wages earned in return for services performed by her as an employee. Elisa attached her W-2 forms, in which her income is reported as wages. Elisa stated that there was no debt instrument between the parties that would give rise to any debt alleged by School Specialty.
 {¶ 4} On July 16, 2003, School Specialty filed a brief in opposition to the motion to dismiss, arguing that Elisa was a commissioned salesperson who had agreed to repay any advances paid to her by School Specialty on her future commissions earned. Attached to the motion was a copy of the Sales Compensation Booklet, with an acknowledgment signed by Elisa. Pursuant to the terms of the booklet, Elisa was permitted to take a draw on commissions earned. A "draw" is defined in the booklet as an "advance payment of commission." Sales people are entitled to draw up to a maximum of 70% of their prior years earned commissions. The booklet also provides for a "settlement," which is defined in the booklet as the "difference between the earned commission for the fiscal year, and the draw paid for the same year." Any negative balance on the sales person's commission account must be repaid to School Specialty.
 {¶ 5} On July 24, 2003, the trial court converted the motion to dismiss into a motion for summary judgment and stated the following:
 {¶ 6} "Defendant's motion to dismiss the complaint pursuant to Ohio Rule of Civil Procedure Rule 12(B)(6), filed 06/02/2002, is deemed a motion for summary judgment and is granted. Defendant has submitted her W-2 form for 2002 showing her wages received from plaintiff School Specialty, Inc. Pursuant to Ohio Revised Code 1321.32, no assignment for wages or salary is valid unless the wages are paid under court order for the support of the employee's spouse or minor child. Plaintiff's memorandum in opposition to defendant's motion to dismiss states in bold letters that `this communication is from a debt collector.' Therefore, Moran v. The Central Trust Company (1986), 1986 Ohio App. LEXIS 6294 (April 9, 1986) 1st App. District applies. Final."
 {¶ 7} School Specialty now appeals from that judgment and raises two assignments of error for our review, which we review together.
 {¶ 8} "I. The trial court erred to the prejudice of the appellant by granting appellee's motion to dismiss the appellant's complaint, pursuant to Civil Rule 12(B)(b) [sic], (that was converted into a motion for summary judgment), by ignoring established case law, and misapplication of O.R.C. §1321.32.
 {¶ 9} "II. The trial court erred to the prejudice of the appellant by improperly converting appellee's motion to dismiss the complaint of the plaintiff, that was filed pursuant to Civil Rule 12(B)(6), into a motion for summary judgment."
 {¶ 10} When ruling on a motion to dismiss pursuant to Civ.R.12(B)(6), the trial court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the non-moving party. Mitchellv. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. Dismissal, pursuant to Civ.R. 12(B)(6), is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. York v.Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143, 144.
 {¶ 11} In resolving a Civ.R. 12(B)(6) motion, a court is confined to the allegations contained in the complaint and, as an appellate court, we must independently review the complaint to determine if dismissal was appropriate. McGlone v. Grimshaw
(1993), 86 Ohio App.3d 279, 285. A motion under Civ.R. 12(B)(6) must be judged on the face of the complaint alone. State ex rel.Findlay Publishing Co. v. Schroder (1996), 76 Ohio St.3d 580,581.
 {¶ 12} Here, Elisa's motion to dismiss relies on information that is not contained in the complaint. She alleges that she was a salaried employee of School Specialty and never agreed to be paid on a commission basis or to repay any "draws." School Specialty's response brief also relies on information not contained in the complaint. It attaches a copy of a commissioned pay plan allegedly signed and agreed to by Elisa.
 {¶ 13} Civ.R. 12(B) provides, in pertinent part:
 {¶ 14} "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."
 {¶ 15} Here, Elisa attached matters to her motion which were clearly "outside the pleadings." Accordingly, the trial court properly converted the motion to dismiss into a motion for summary judgment. Petrey v. Simon (1983), 4 Ohio St.3d 154,156. However, when a court converts a motion to dismiss into one for summary judgment, it must notify all parties at least 14 days before the time fixed for hearing. Id.; Federated Dept. Stores,Inc. v. Lindley (1987), 30 Ohio St.3d 135, 137. Here, the trial court failed to give the requisite notice. However, this error is harmless if the complaint did not, as a matter of law, state a claim for relief.
 {¶ 16} Ohio law recognizes that an employer and employee may enter into an agreement whereby the employee is paid on commission and is personally liable for advances exceeding earned commission. See Bade v. Duffy (1978), 57 Ohio App.2d 170;Miller v. Levy (1978), 60 Ohio App.2d 78; ESI Mortgage Corp.v. Rich (Mar. 3, 1994), Cuyahoga App. No. 64822; ProfessionalBusiness Systems, Inc. v. Koba (May 5, 1983), Cuyahoga App. No. 45404.
 {¶ 17} R.C. 1321.32, which prohibits the assignment of wages, is inapplicable in such a case because the statute specifically states that "this section does not affect or invalidate any contract or agreement between employers and their employees." In addition, Moran v. The Central Trust Company, (Apr. 9, 1986), Hamilton App. No. C-850352, relied upon by the trial court in its decision, is inapplicable because that case did not deal with commissioned salespeople and did not deal with the issue of repayment of draws paid on commission. Rather, the trial court inMoran, relying upon R.C. 1321.32, prohibited a machine tool business from assigning the salary of Moran (a consultant) to Central Trust (a bank) in consideration for loans given to Moran by the bank. Clearly, that is not the situation in the case before this Court since there was no "assignment" of wages between the parties. Based on the foregoing, we find that the trial court's error was not harmless because, as a matter of law, the complaint did state a claim upon which relief could be granted.
 {¶ 18} Judgment reversed and remanded.
Celebrezze, Jr., P.J., and McMonagle, J., concur.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.