OPINION AND JUDGMENT ENTRY
This is an accelerated appeal from a summary judgment issued by the Lucas County Court of Common Pleas.
Appellee, T. Carroll Enterprises, Inc., acquired an interest in certain real property owned by appellants, Gary L. and Luella G. Hammitt, with the 1996 purchase of a federal tax lien. When appellee moved to foreclose its lien, appellants defended, arguing a superior interest in the property by deed and by adverse possession. The trial court rejected appellants' arguments, entered a judgment of foreclosure and ordered sale of the property. Appellants failed to prevail in an appeal of that judgment. T. Carroll Ent., Inc. v. Hammitt (Oct. 9, 1998), Lucas App. No. L-98-1113, unreported; discretionary appeal not allowed (1999), 85 Ohio St.3d 1405.
In December 1998, appellants instituted the quiet title action which underlies this appeal. Appellants again claimed interest in the property by deed and by adverse possession. Appellee responded with a motion to dismiss premised on the doctrine of res judicata. The trial court initially granted the motion, but later rescinded its judgment. The court then converted the motion to a Civ.R. 56 consideration and granted summary judgment to appellee based on res judicata.
Appellants now appeal, attacking the initial dismissal, the summary judgment, and the procedure employed by the trial court to reach its decision.
In their third assignment of error, appellants complain that the trial court erred in converting a Civ.R. 12(B)(6) motion to a Civ.R. 56 motion without adequate notice.
A trial court may convert a motion to dismiss for failure to state a claim upon which relief can be granted to a motion for summary judgment, but in so doing the court must give all parties at least fourteen days notice of its intention to do so. Petrey v. Simon (1983), 4 Ohio St.3d 154, paragraphs one and two of the syllabus. Failure to make such notification is reversible error. State ex rel. Boggs v. Springfield Loc. Sch.Dist. (1995), 72 Ohio St.3d 94, 96.
Since res judicata may not be raised in a Civ.R. 12(B)(6) motion, State ex rel. Freeman v. Morris (1991), 62 Ohio St.3d 107,109, the trial court properly concluded that its initial grant of the motion to dismiss was erroneous and rescinded the order. However, when it reconsidered the motion as one for summary judgment, the court failed to give the parties the requisite notice of its conversion. For this reason, appellants' third assignment of error is well-taken and the matter must be reversed and remanded to the trial court so that proper notice of summary judgment consideration may be granted.
Of appellants' remaining assignments of error, their first assignment goes to the rescinded dismissal order and is, therefore, not well-taken. The remaining assignments of error are not yet ripe for consideration, given the necessity of a remand.
Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed. This matter is remanded to said court so that it may provide proper notice to the parties. Costs to appellee.
JUDGMENT REVERSED
 Melvin L. Resnick, J., James R. Sherck, J., MarkL. Pietrykowski, J., concur.