I respectfully dissent from the opinion and judgment of the majority for the following reasons.
The majority has determined that although there was error, it was harmless error. I do not think it is appropriate to make such an assumption in a summary judgment exercise.
The majority asserts that not only has appellant failed to set forth any basis that could possibly defeat the motion for summary judgment, but that there is no such basis to be asserted. They go on to maintain that the sole question before the trial court was a question of law and not of fact. However, invariably, issues of law are dependent on the underlying facts. While it may be that there was nothing new left to offer, I do not know that for sure, and with all due respect, neither does the majority.
That is more or less the point made by the Supreme Court of Ohio when it specified that there be a minimum fourteen day response time in a summary judgment exercise. In Petrey v. Simon
(1983), 4 Ohio St.3d 154, 156-157, the court observed:
 "* * * Civ.R. 56(C) provides, in part: `The motion shall be served at least fourteen days before the time fixed for hearing.' Commentators on the comparable provision in Fed.R.Civ.P. 56
have noted the importance of this requirement: `* * * In theory, the additional time ought to produce a well-prepared and complete presentation on the motion to facilitate its disposition by the court. In addition, since opposition to a summary judgment motion often is a difficult task, usually involving preparation of both legal and factual arguments as well as affidavits, and since the results of failure are drastic, it is felt that the additional time is needed to assure that the summary judgment process is fair.' 10A Wright, Miller Kane, Federal Practice and Procedure (1983), 6-7, Section 2719. The fairness of this additional time is no less important when the motion for summary judgment is a converted motion to dismiss for failure to state a claim." (Emphasis added.)
While the above case involves a conversion of a Civ.R.12(B)(6) motion to a motion for summary judgment, the principle is identical to the argument I raise here.
In State ex rel. The V Cos. v. Marshall (1998),81 Ohio St.3d 467, although it was affirmed on other grounds, the Supreme Court of Ohio reaffirmed the principle set out in Petrey.[1]
 "Finally, the preeminent purpose behind the conversion-notification requirement, i.e., permitting the nonmoving party sufficient opportunity to respond to a converted summary judgment motion, is satisfied by the court of appeals' judgment. Petrey, 4 Ohio St.3d at 155 * * *." The V Cos. at 472.
More recently the Second District Court of Appeals in Anania v. Daubenspeck Chiropractic (1998),129 Ohio App.3d 516, addressed this issue in the following manner:
 "Civ.R. 56 establishes the requirements for summary judgment. The Ohio Supreme Court has specifically cautioned courts to carefully adhere to the requirements of Civ.R. 56(C):
 `The grant of a Civ.R. 56 motion terminates litigation without giving the opposing party the benefit of a trial on the merits. The requirements of the rule must be strictly enforced. Compliance with the terms of Civ.R. 56(C) is of fundamental importance at the trial court level, where the initial examination of the evidence occurs, and where the issues framing the litigation are shaped.' Murphy v. Reynoldsburg
(1992), 65 Ohio St.3d 356, 360.
"* * *
 "From our review of the record, we cannot find any indication that the trial court set a date for hearing or that it informed the parties of when the motion would be considered submitted for decision.
"* * *
 "As we have stated before, `[b]ecause the granting of summary judgment is an adjudication on the merits, a non-moving party must be apprised of the time within which he or she must respond.' Ashworth v. Enon 1995 WL 614345 at 3." (Emphasis added.)
Again, while the procedural postures of the above three cases are not four square with the matter before us, the principles certainly are. As a matter of practicality, there cannot be any serious argument that judicial economy is an issue. It is after all, only a fourteen day period of time.
The Supreme Court of Ohio has been emphatic that the interests of justice are best served when there is precise procedural compliance in the determination of a summary exercise. The reason being that such a judgment addresses the merits of the litigation and provides an avenue for final termination. SeePetrey at 156-157; The V Cos. at 472.
In the instant matter, the motion for summary judgment was filed on October 7, 1999, a Thursday. The court's ruling granting the motion was filed on October 12, 1999, a Tuesday. Appellee's notice of service by regular mail indicated the motion was mailed to appellant on October 7, 1999. Appellant's motion for an extension of time to respond was filed on October 13, 1999. Both the content and the filing date of appellant's motion indicate that she could not have been aware of the court's ruling at the time she filed her motion. Indeed, the earliest she could have known of the motion's existence would have been Friday, October 8, 1999, the day after it was mailed. Even that supposition places greater faith than is deserved in our postal service. Regardless, the best case scenario was that she had zero to one day's time to respond to the motion before the court's ruling was filed.
Allowing fourteen days to the non-movant does not seem to be too much to ask, even when it would appear to be impossible for the non-movant to successfully refute the motion.[2]
Hence, I dissent from the majority and I would reverse and remand the case to the trial court with the instructions that the full complement of time in which to respond under the Civil Rules should be accorded the non-moving party without exception. .
 ___________________________________________________ JUDITH A. CHRISTLEY, PRESIDING JUDGE
[1] Like Petrey, The V Cos. case dealt with the conversion of a Civ.R. 12(B)(6) motion to one for summary judgment.
[2] It needs to be mentioned that pursuant to Civ.R. 6(E), appellant was actually entitled to seventeen days.