JOURNAL ENTRY and OPINION
Plaintiffs-appellants, Belinda Dickerson and Amos Dickerson, appeal the decision of the Cuyahoga County Common Pleas Court that granted summary judgment to defendant-appellee, Meridia Euclid Hospital.
A review of the record reveals that Belinda Dickerson sought treatment at the Meridia Euclid Hospital emergency room on July 22, 1996, where she was treated by a Richard Yetsko, M.D. Sometime thereafter, Belinda Dickerson and her husband, Amos (collectively referred to as appellants), filed a complaint sounding in medical malpractice against (1) Venita I. Yetsko, the executor of the estate of Dr. Yetsko; (2) Northeast Ohio Emergency Affiliates, Inc, the emergency practice group to which Dr. Yetsko belonged; and (3) Meridia Euclid Hospital. The case proceeded through discovery and a jury trial was eventually set for January 18, 2000. Shortly before trial, on January 11, 2000, appellants executed a Release and Indemnity Agreement as to their claims against the executor of Dr. Yetsko's estate and Northeast Emergency Affiliates, Inc.
On the morning of trial, Meridia Euclid filed a motion to dismiss arguing that the release of the physician and his practice group extinguished the secondary liability of Meridia Hospital and, therefore, appellants' complaint failed to state a claim against the hospital upon which relief could be granted. Attached to the motion was a copy of the release and indemnity agreement executed by the appellants the week earlier. In an entry journalized January 21, 2000, the trial court ordered the trial reset to February 2, 2000, and gave appellants until January 27, 2000, less than one week, to respond to Meridia Euclid's motion to dismiss. On January 25, 2000, Meridia Euclid filed a motion for leave to file a supplemental motion to dismiss/motion for summary judgment that was substantively the same document filed on January 18, 2000.[1] Appellants filed their brief in opposition on January 27, 2000, as directed by the trial court.
In its judgment entry journalized February 2, 2000, the trial court granted Meridia Euclid's motion, stating in relevant part:
 The only claim existing against Defendant Meridia is one of vicarious liability.
 Plaintiffs have executed a full and final release with the parties who had primary liability for the negligence alleged, thereby extinguishing the claims of vicarious liability against Defendant Meridia. Accordingly, Defendant Meridia's 1/25/00 Motion for Summary Judgment requesting dismissal of Plaintiff's claim of vicarious liability against Meridia is hereby granted.
Appellants are now before this court and assign three errors for our review. Their first and third assignments of error are related and challenge the grant of summary judgment on the basis of vicarious liability where a genuine issue of fact remains as to the negligence of Meridia Euclid. Appellants' second assignment of error is procedural wherein they claim that the trial court erred when it failed to follow Civ.R. 12(B) in ruling on Meridia Euclid's motion. We will address this assignment of error first.
Succinctly, appellants contend that the trial court converted the motion to dismiss into a motion for summary judgment without giving them sufficient time to adequately prepare and oppose the motion.
Civ.R. 12(B) provides, in relevant part:
 When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.
It is undisputed that the trial court relied on the release attached to Meridia Euclid's motion in reaching its decision and that, as such, it relied on a matter outside the pleading thereby converting the motion to dismiss into one for summary judgment. Under such circumstances, Civ.R. 12(B) and 56(C) require that the court notify all parties at least fourteen days before the time fixed for hearing when it converts a motion to dismiss for failure to state a claim into a motion for summary judgment. See State ex rel. The V Cos. v. Marshall (1998),81 Ohio St.3d 467, 470; Petrey v. Simon (1983), 4 Ohio St.3d 154, paragraph two of the syllabus. `The primary vice of unexpected conversion to summary judgment is that it denies the surprised party sufficient opportunity to discover and bring forward factual matters [that] may become relevant only in the summary judgment, and not the dismissal, context.' Petrey, 4 Ohio St.3d at 155, citing Portland Retail Druggists Assn. v. Kaiser Found. Health Plan (C.A. 9, 1981), 662 F.2d 641, 645, analyzing comparable provisions of Fed.R.Civ.P. 12(b). Consequently, failure to give adequate notice has been held to be reversible error. State ex rel. Boggs v. Springfield Local School Dist. Ed. of Edn. (1995), 72 Ohio St.3d 94, 96; State ex rel. Baran v. Fuerst (1990),55 Ohio St.3d 94, 97.
It is undisputed in this case that the trial court failed to give appellants fourteen days within which to respond to Meridia Euclid's motion. To be sure, the court barely gave appellants a week to respond to Meridia Euclid's motion. This court certainly understands the time constraints under which the trial court operates and that its primary objective is to maintain an orderly and efficient system of resolving conflicts among litigants. It must be remembered, however, that attorneys operate under similar time constraints and to require an attorney to prepare a response in opposition to a motion in less than a week's time is unreasonable, especially in light of the fact that a motion for summary judgment has the potential to terminate the case.
Consequently, the trial court erred when it gave appellants less than a week's notice to respond to Meridia Euclid's converted motion. We find, nonetheless, that the error is harmless. Contrary to the arguments contained in appellants' first and third assignments of error, appellants can present no set of facts under which they could prevail as a result of their execution of the general release[2] in favor of the physician and his practice group.
In these remaining two assignments of error, appellants argue that the doctrine of vicarious liability is inapplicable to their case and that, in actuality, the issue is one of contribution between joint tortfeasors. Consequently, they claim an issue of material fact remains as to whether Meridia Euclid was jointly negligent with its employee, Richard Yetsko, M.D. and, in turn, the professional practice group to which he belonged.
In Clark v. Southview Hosp. Family Health Ctr. (1994),68 Ohio St.3d 435, the Supreme Court of Ohio held that a hospital may be held liable under the agency-by-estoppel doctrine for the negligence of an independent medical practitioner who practices in the hospital when (1) it holds itself out to the public as a provider of medical services; and (2) in the absence of notice of knowledge to the contrary, the patient looks to the hospital, as opposed to the individual practitioner, to provide competent medical care. Id. at the syllabus. The basis of the liability, however, is grounded in the relationship of the individual practitioner to the hospital. Thus, it is a vicarious type of liability as opposed to the shared liability between joint tortfeasors.
A review of the record reveals that the only theory of liability advanced against Meridia Euclid is one of vicarious liability for the alleged negligence of its agents. There are no allegations of any direct or independent negligence on the part of the hospital. Therefore, Meridia Euclid's liability, if it exists at all, is secondary to and derived from the primary liability of its agent, Dr. Yetsko and the practice group to which he belonged. Once the liability of the primarily liable party is extinguished, however, the liability of the secondarily liable party is likewise extinguished.[3] See Wells v. Spirit Fabricating Ltd. (1996),113 Ohio App.3d 282, 293. A settlement with and release of the servant will exonerate the master. Otherwise, the master would be deprived of his right of reimbursement from the servant, if the claim after settlement with the servant could be enforced against the master. Id. at 292, citing Losito v. Kruse (1940), 136 Ohio St. 183, 188. Consequently, the concept of indemnity, as opposed to that of contribution, is applicable in cases involving vicarious liability. Wells, 113 Ohio App.3d at 294, citing Motorists Mut. Ins. Co. v. Huron Rd. Hosp. (1995), 73 Ohio St.3d 391,395; see, also, Radcliffe v. Mercy Hosp. Anderson (May 14, 1997), Hamilton App. Nos. C-960424 and C-960425, unreported at 7.
Summary judgment is appropriate when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co. (1976),54 Ohio St.2d 64, 66; see, also, Civ.R. 56(C). Despite being given less time than the civil rules require upon the conversion of Meridia Euclid's motion to dismiss to one for summary judgment, there exists no set of facts under which appellants could prevail. Appellants executed a general release in favor of the primarily liable parties, the executor of the estate of Dr. Yetsko and Northeast Emergency Affiliates, Inc., thereby extinguishing the secondary liability of Merida Euclid. Consequently, Meridia Euclid was entitled to judgment in its favor as a matter of law.
Appellants' first, second and third assignments of error are not well taken and are hereby overruled.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________ JOHN T. PATTON, JUDGE
TERRENCE O'DONNELL, P.J., LEO M. SPELLACY, J., CONCUR.
[1] Outside of the captioning of the document, the only difference between the two was the insertion of affidavits introducing each of the four exhibits appended to the earlier motion as true and accurate copies of their originals.
[2] At oral argument, appellants argued for the first time that the release was not general but, in fact, reserved a right to pursue other tortfeasors, including Meridia Euclid. While this argument was not previously raised, a review of the release, nonetheless, does not support this argument. Compare Leon v. Parma Community Hosp. (Oct. 12, 2000), Cuyahoga App. No. 77313, unreported.
[3] This court is mindful that the procedural posture of Clark v. Southview Hosp. Family Health Ctr., 68 Ohio St.3d 435, as argued to the Ohio Supreme Court, is similar to the procedural posture of the claim against Meridia Euclid of vicarious liability for its agent, Dr. Yetsko. And while the court in Clark did address the merits of the case, the effect of the release of the physicians in Clark was not an issue in that case. Consequently, this court is left to rely on the well-established line of cases holding that a settlement in full satisfaction of all claims against an agent serves to extinguish the vicarious liability of the principal.