DECISION
Plaintiff-appellant, Donald L. Bailey dba License Resque, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion to dismiss, converted to a summary judgment motion, of defendants-appellees, Ohio Department of Motor Vehicles and Shirley A. Franklin. Plaintiff assigns a single error:
 THE TRIAL COURT COMMITTED PREJUDICIAL REVERSIBLE ERROR BY CONVERTING APPELLEES MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED INTO A MOTION FOR SUMMARY JUDGMENT, WITHOUT PROVIDING PLAINTIFF-APPELLANT ANY NOTICE OR OPPORTUNITY TO BE HEARD.
Because the trial court converted defendants' motion to dismiss into a motion for summary judgment without proper notification to plaintiff, we reverse.
On April 4, 2000, plaintiff filed a complaint against defendants pursuant to Section 1983, Title 42, U.S.Code. In his complaint, plaintiff contended defendants had discriminated against him and his business by arbitrarily issuing new procedures regarding the number of requests plaintiff may submit at one time to the Bureau of Motor Vehicles. Plaintiff sought not only damages, but filed the same day a motion for a temporary restraining order and a motion for preliminary injunction. By entry filed April 6, 2000, the trial court denied plaintiff's request for a temporary restraining order.
On May 5, 2000, defendants filed their motion to dismiss pursuant to Civ.R. 12(B)(6). While the memorandum in support of defendants' motion to dismiss incorporated information not found on the face of plaintiff's complaint, defendants attached no documents to the memorandum which would support those factual matters. Plaintiff responded to the motion on May 18, 2000, and noted that although defendants had charged him with engaging in the unauthorized practice of law through his business, the documents attached to his memorandum indicated that the Hamilton County Municipal Court has established a program much like plaintiff's own business to assist people in recovering their driver's licenses. In the meantime, plaintiff's motion for preliminary injunction was heard before a magistrate who issued a decision on May 30, 2000, denying plaintiff's request. Plaintiff responded with objections to the magistrate's decision.
On June 19, 2000, the trial court filed a decision and entry (1) construing defendants' motion to dismiss as a motion for summary judgment and granting it, and (2) striking from the record plaintiff's supplemental complaint, filed May 18, 2000, and his amended and supplemental complaint, filed May 22, 2000.
In his single assignment of error, plaintiff contends the trial court erred in construing defendants' motion to dismiss as a motion for summary judgment without prior notification to plaintiff. Pursuant to Civ.R. 12(B) "[w]hen a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."
"Under Civ.R. 12(B) and 56(C), a court must notify all parties at least fourteen days before the time fixed for hearing when it converts a motion to dismiss for failure to state a claim into a motion for summary judgment. Petrey v. Simon (1983), 4 Ohio St.3d 154, 4 OBR 396,447 N.E.2d 1285, paragraphs one and two of the syllabus; Civ.R. 56(C) (`The motion shall be served at least fourteen days before the time fixed for hearing.'). "`The primary vice of unexpected conversion to summary judgment is that it denies the surprised party sufficient opportunity to discover and bring forward factual matters [that] may become relevant only in the summary judgment, and not the dismissal, context.'" Petrey,4 Ohio St.3d at 155, 4 OBR at 398, 447 N.E.2d at 1287, quoting PortlandRetail Druggists Assn. v. Kaiser Found. Health Plan (C.A.9, 1981),662 F.2d 641, 645, analyzing comparable provisions of Fed.R.Civ.P.12(b). The surprised party is generally the nonmoving party. Id. at 155, 4 OBR at 397-398, 447 N.E.2d at 1286-1287." State ex rel. The V Cos. v.Marshall (1998), 81 Ohio St.3d 467, 470-471.
Given the foregoing, the trial court erred in converting defendants' Civ.R. 12(B)(6) motion to dismiss into a Civ.R. 56 motion for summary judgment without notifying the parties. Pursuant to Marshall, we nonetheless must determine whether the error was harmless. The manner in which the parties treated the motion complicates the analysis. More particularly, defendants filed a motion to dismiss without any attachments. Plaintiff responded to the motion with a memorandum contra and an accompanying exhibit. At first blush, plaintiff appears to have invited the trial court's error in converting the motion to a summary judgment motion without notification.
On closer examination, however, we cannot apply the invited error rule in this case. Although defendants' motion to dismiss had no attachments, the memorandum in support of their motion asserts information beyond that found on the face of plaintiff's complaint; such information properly should have been brought to the court's attention through affidavit or some other form of acceptable evidentiary material. Moreover, unlike the materials from defendants, which would have directly addressed the merits of plaintiff's complaint, the document attached to plaintiff's memorandum contra responded to an arguably tangential matter not raised in defendants' motion to dismiss: whether his business constituted the unauthorized practice of law. Coupled with the foregoing, the trial court in deciding the motion to dismiss cited materials not found in the record, such as the affidavit of Shirley Franklin.
Given those circumstances, we are unable to find that the trial court's conversion on the motion without notification to plaintiff was harmless error. The purpose of the conversion is to allow the plaintiff the opportunity to present any materials which may be relevant to the issues raised in the converted motion. Because defendant was not notified, he lost that opportunity.
Accordingly, because the trial court considered matters outside the face of plaintiff's complaint in determining defendants' motion to dismiss, the trial court was required to notify plaintiff of its actions. Because the trial court's failure to do so is prejudicial error in this case, we sustain plaintiff's single assignment of error, reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
TYACK and PETREE, JJ., concur.