OPINION *Page 2 
{¶ 1} Plaintiffs Robert L. and E. Clark Swank appeal a judgment of the Court of Common Pleas of Richland County, Ohio, which sustained the motion to dismiss of defendants First National Bank of Shelby kna, First Citizens Bank, H.L. Hopkins, John Keller, Vorys, Sater, Seymour and Pease, and Thomas Budd, made pursuant to Civ. R. 12 (B)(6). The other defendants in the case, Mary Jane and Freeman Swank II, are not parties to this appeal. Appellants assign four errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN GRANTING THE MOTIONS OF DEFENDANTS FIRST NATIONAL BANK OF SHELBY (NOW KNOWN AS FIRST CITIZENS BANK), H.L. HOPKINS, JOHN KELLER, VORYS, SATER, SEYMOUR AND PEASE, AND THOMAS BUDD TO DISMISS THE ACTION AS TO EACH OF THEM PURSUANT TO CIV. R. 12 (B)(6) BASED UPON RES JUDICATA.
 {¶ 3} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING THE MOTIONS OF DEFENDANTS, FIRST NATIONAL BANK OF SHELBY NOW KNOWN AS FIRST CITIZENS BANK), H.L. HOPKINS, JOHN KELLER, VORYS, SATER, SEYMOUR AND PEASE, AND THOMAS BUDD TO DISMISS THE ACTION AS TO EACH OF THEM PURSUANT TO CIV. R. 12 (B)(6) BASED UPON RES JUDICATA WHILE DISCOVERY WAS STAYED AS TO THE DISMISSED DEFENDANTS IN BOTH THE DISMISSED CASE AND THE CASE UNDERLYING THE RES JUDICATA FINDING.
 {¶ 4} "III. THE TRIAL COURT ERRED IN GRANTING DISMISSAL FOR FAILURE TO STATE A CLAIM ON THE PURPORTED GROUNDS THAT PLAINTIFFS BELOW COULD NOT PROVE THAT THEY HAD AN INTEREST IN THE SUBJECT *Page 3 
FARM PROPERTY AND THAT SUCH AN INTEREST WAS A NECESSARY ELEMENT OF THEIR CLAIMS INCLUDING THOSE FOR SPOLIATION OF EVIDENCE, INTERFERENCE WITH INHERITANCE AND OTHER EXPECTANCIES AND CIVIL CONSPIRACY TO MAKE FRAUDULENT TRANSFERS AND ENGAGE IN OTHER TORTIOUS CONDUCT.
 {¶ 5} "IV. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISMISSING WITH PREJUDICE THE CLAIMS OF PLAINTIFFS BELOW AGAINST DEFENDANTS FIRST NATIONAL BANK OF SHELBY (NOW KNOWN AS FIRST CITIZENS BANK), H.I. HOPKINS, JOHN KELLER, VORYS SATER, SEYMOUR AND PEASE, AND THOMAS BUDD."
 {¶ 6} In its April 26, 2007 judgment entry, the court found the case at bar was identical to a prior case between the same parties, Richland Common Pleas No. 00-649-H. The trial court's judgment entry of dismissal discussed this case, as well as our decisions in Swank v. Swank, Richland App. Nos. 2004-CA-0110, 2004-CA-0111, and 2004-CA-0112,2005-Ohio-5524. The court found the matter was res judicata, and sustained the appellees' motions to dismiss pursuant to Civ. R. 12 (B)(6).
 {¶ 7} Our standard of reviewing a dismissal pursuant to Civ. R. 12 (B)(6) is de novo, Greely v. Miami Valley Maintenance Construction,Inc. (1990), 49 Ohio St. 3d 228, 551 N.E. 2d 981. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the legal sufficiency of the complaint, State exrel. Hanson v. Guernsey County Board of Commissioners,65 Ohio St. 3d 545, 1992-Ohio-73, 605 N.E. 2d 379. In a de novo analysis, we accept all factual allegations in the *Page 4 
complaint as true, and we must draw all reasonable inferences in favor of the non-moving party, Byrd v. Faber (1991), 57 Ohio St. 3d 56,565 N.E. 2d 584.
 {¶ 8} Pursuant to Civ. R. 12 (B), if a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside of the pleading, and such matters are not excluded by the court, the motion must be treated as a motion for summary judgment pursuant to Civ. R. 56. The court may consider only such matters outside the pleadings that are specifically listed in the Rule, and the court must give all parties a reasonable opportunity to present materials pertinent to a Civ. R. 56 motion. The trial court is required to notify all the parties at least fourteen days prior to the hearing if it is converting a motion to dismiss for failure to state a claim into motions for summary judgment. Petrey v. Simon (1983), 4 Ohio St.3d 154,447 N.E.2d 1285.
 {¶ 9} In Lansing v. Hybud Equipment Company, Stark App. No. 2002-CA-00112, 2002-Ohio-5869, this court reviewed a fact pattern similar to the one at bar, where the basis of the trial court's ruling was the history of prior litigation. Because the history did not appear within the four corners of the complaint, we found the trial court erred in granting the motions to dismiss. In Hybud, we recognized a trial court may take judicial notice of prior lawsuits in its own court, but the taking of judicial notice involves considering evidence outside the complaint. In the case at bar, the complaint does reference some of the prior litigation, but we find the court went beyond the complaint in ruling on the motions to dismiss.
 {¶ 10} The first and fourth assignments of error are sustained. The second and third assignments of error are moot. *Page 5 
 {¶ 11} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.
 Gwin, P.J., Farmer, J., and Wise, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to be divided equally among the appellees. *Page 1