[Cite as *Razavi v. Vasila*, 2022-Ohio-463.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MOHAMMAD RAZAVI | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| THOMAS VASILA, ET AL. | : | Case No. 21 CAE 06 0032 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Case No. 19 CVH 09 0518


JUDGMENT:                      Affirmed


DATE OF JUDGMENT:             February 15, 2022


APPEARANCES:

For Plaintiff-Appellant              For Defendant-Appellee Thomas
Vasila

BRIAN P. O'CONNOR
CHARLES E. REYNOLDS                  STEVEN W. TIGGES
ALEXANDER R. FOXX                    STUART G. PARSELL
600 Vine Street                      41 South High Street
Suite 2700                           Suite 3500
Cincinatti, OH  45202                Columbus, OH  43215

                                     For Defendant-Appellee Rubbertec
                                     Industrial Products Company

                                     JAMES S. SAVAGE
                                     DOUGLAS J. SEGERMAN
                                     1160 Dublin Road
                                     Suite 400
                                     Columbus, OH  43215-1052

*Wise, Earle, J.*

{¶ 1}   Plaintiff-Appellant, Mohammad Razavi, appeals the May 28, 2021 judgment entry of the Court of Common Pleas of Delaware County, Ohio, granting summary judgment to Defendants-Appellees, Thomas Vasila and Rubbertec Industrial Products Company.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   At the outset, we note a majority of the filings and documents, including the trial court's judgment entry, are filed under seal.  However, the complaint and answers are not.  We are mindful of the parties' desire to keep this case confidential as we proceed with the opinion.

{¶ 3}   Appellee Rubbertec is a privately held manufacturing company with three shareholders: appellant, appellee Vasila, and Mark Knore.  Vasila is the majority shareholder, owning more than three times as many shares as each of the other two shareholders.  He is the Chief Executive Officer and President of Rubbertec.  Appellant is not employed by Rubbertec.  Mr. Knore is Vice-President of Sales.  Prior to 2014, all three individuals served as the directors of Rubbertec.  In 2014, the three agreed to amend Rubbertec's Code of Regulations and elect Vasila as Rubbertec's sole director. In subsequent years, appellant continued electing Vasila as sole director up through and including the shareholders meeting held on September 26, 2019.

{¶ 4}   On September 19, 2019, one week prior to that meeting, appellant had filed a complaint against Vasila claiming breach of fiduciary duty, alleging in part Vasila entered into a favorable employment agreement with himself, paid himself a disguised dividend in the form of an excessive salary, used Rubbertec funds for personal expenses, purchased a vehicle and a Florida condominium for his exclusive use, did not prepare

accurate financial statements, borrowed funds from Rubbertec, and has had Rubbertec hold on to excessive amounts of cash without distributing the earnings to all shareholders equally.   The complaint also included a shareholder derivative action on behalf of Rubbertec seeking to remedy "breaches of fiduciary duties, conflict of interest, corporate waste, self-dealing, misuse of corporate assets, gross mismanagement of Rubbertec, and other improper conduct."

{¶ 5}   On December 18, 2020, Vasila filed a motion for summary judgment.  On same date, Rubbertec filed a motion to dismiss under Civ.R. 23.1.  By judgment entry filed May 28, 2021, the trial court construed Rubbertec's motion as a motion for summary judgment and granted both motions.  The trial court determined appellant's claims against Vasila were barred by the statute of limitations and waiver, and appellant failed to prove damages.  As for the derivative claim, the trial court found appellant did not fairly and adequately represent the interests of the only other similarly situated shareholder.

{¶ 6}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 7}   "THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT BASED ON AN ERRONEOUS APPLICATION OF THE STATUTE OF LIMITATIONS TO CLAIMS WHICH WERE BROUGHT BEFORE THE STATUTE HAD RUN."

II

{¶ 8}   "THE TRIAL COURT ERRED BY CONVERTING DEFENDANT RUBBERTEC'S MOTION TO DISMISS TO A MOTION FOR SUMMARY JUDGMENT WITHOUT NOTICE TO PLAINTIFF RAZAVI."

III

{¶ 9}   "THE TRIAL COURT ERRED BY HOLDING THAT PLAINTIFF RAZAVI DID NOT PROVIDE PROOF OF DAMAGES."

IV

{¶ 10} "THE TRIAL COURT ERRED BY ASSIGNING THE BURDEN OF PROOF TO PLAINTIFF RAZAVI INSTEAD OF DEFENDANT VASILA."

V

{¶ 11} THE TRIAL COURT ERRED IN FINDING THAT RAZAVI DID NOT FAIRLY AND ADEQUATELY REPRESENT THE INTEREST OF ALL SIMILARLY SITUATED SHAREHOLDERS."

{¶ 12} The assignments of error challenge the trial court's order granting summary judgment to appellees.  Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.  *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379,

citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶ 13} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶ 14} As explained by this court in *Leech v. Schumaker,* 5th Dist. Richland No. 15CA56, 2015-Ohio-4444, ¶ 13:

It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has

no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150.

{¶ 15} It is with these standards in mind that we review the assignments of error.

### I, III, IV

{¶ 16} In his first assignment of error, appellant claims the trial court erred in its application of the statute of limitations to claims which were brought before the statute had run.

{¶ 17} In his third assignment of error, appellant claims the trial court erred in finding he did not provide proof of damages.

{¶ 18} In his fourth assignment of error, appellant claims the trial court erred in assigning him the burden of proof instead of Vasila.

{¶ 19} In his complaint against Vasila, appellant alleged breach of fiduciary duties. The applicable statute of limitations is four years, and the discovery rule does not apply unless the claim is based on fraud. R.C. 2305.09(D); *Caghan v. Caghan,* 5th Dist. Stark No. 2014 CA 00094, 2015-Ohio-1787, ¶ 45-46; *Wells v. C.J. Mahan Construction Co.,*

10th Dist. Franklin Nos. 05AP-180 & 05AP-183, 2006-Ohio-1831, ¶ 26-29; *Cundall v. U.S. Bank,* 122 Ohio St.3d 188, 2009-Ohio-2523, 909 N.E.2d 1244, ¶ 24.

{¶ 20} In its May 28, 2021 judgment entry filed under seal, the trial court addressed each of appellant's claims and found them to be barred by the statute of limitations. The trial court also found appellant did not assert fraud in this case and in fact, was "aware of the actions he contends constitute breaches of fiduciary duty." We find the trial court's determination to be supported by the record. Razavi depo. at 16-18, 32-33, 44-56, 62-63, 75-76, 80-83, 162-179, 185-189, 194-195, 219, 225-228, 237-241, 253-254. Any claims prior to May 16, 2015, (pursuant to the parties' tolling agreement) are barred by the statute of limitations. The next issue is whether any claims arose after said date.

{¶ 21} Appellant argues the trial court erred in finding his claims of excessive compensation, excessive cash reserves, and the Florida condominium were barred by the statute of limitations and could not be rescued "by simply contending that the breach is ongoing." May 28, 2021 Judgment Entry at 7.

{¶ 22} Appellant was aware of Vasila's loan from Rubbertec for the condominium purchase in 2008, and was aware that Vasila was repaying the loan as he was privy to Rubbertec's financial statements. Razavi depo. at 169-179. We find the Florida condominium purchase is outside the statute of limitations and was not an "ongoing breach."

{¶ 23} Each year, Vasila receives a salary and Rubbertec holds funds for cash reserves. We find appellant's claims for excessive compensation and excessive cash reserves after May 16, 2015, survive the statute of limitations.

{¶ 24} However, in order to prove a claim for breach of fiduciary duty, appellant must establish: "(1) the existence of a duty arising from a fiduciary relationship; (2) a

failure to observe the duty; and (3) an injury resulting proximately therefrom." *Harwood v. Pappas & Associates, Inc.,* 8th Dist. Cuyahoga App. No. 84761, 2005-Ohio-2442, ¶ 26. *Accord Grossniklaus v. Waltman,* 5th Dist. Holmes No. 09 CA 15, 2010-Ohio-2937.

{¶ 25} In its judgment entry, the trial court found appellant failed to prove "he or Rubbertec suffered any harm." Appellant could not identify any damages and deferred the issue to an expert he intended to hire. Razavi depo. at 116-117, 121-122. Appellant agreed he could not identify any portion of Vasila's compensation that he believed to be excessive, could not identify any portion of the cash reserves that he believed to be excessive, could not identify any amount of dividends that he should have received, and could not identify any specific damages to Rubbertec. *Id.* at 122.

{¶ 26} Appellant presented the deposition testimony of Dino Lucarelli, CPA, who opined on the unreasonableness of Vasila's compensation and the high levels of cash reserves, but could not quantify damages, could not quantify the extent to which appellant was damaged due to the excessive compensation claim, was unable to provide an opinion concerning the amount of appellant's damages, and did not have enough information to opine on damages suffered by Rubbertec. Lucarelli depo. at 16-17, 84, 214, 230. When asked if the combined compensation of Vasila and Mr. Knore paid by Rubbertec over the years was reasonable, Mr. Lucarelli opined it was reasonable. Lucarelli depo. at 217.

{¶ 27} As noted by the trial court, "the record is bereft of any financial harm that has been caused to Razavi as a result of Vasila's alleged actions." May 28, 2021 Judgment Entry at 14. Based on his original investment, appellant has received an average annual return of over seventy percent since the mid-1990s. Mr. Lucarelli agreed appellant made a very good return on his investment, and wished he had invested in the

company. Lucarelli depo. at 76. When questioned on the issue of excessive cash reserves, appellant agreed "everybody can have a different opinion" on an appropriate range of cash reserves. Razavi depo. at 219. Appellant acknowledged if any portion of the cash reserves were actually distributed to shareholders, Vasila, as majority stockholder, would receive a substantial amount, and the value of all the shares would decrease, including his own. *Id.* at 220-221.

{¶ 28} We concur with the trial court appellant has failed to prove any harm, an essential element for a breach of fiduciary claim and therefore appellant's burden to prove. *Helfrich v. Strickland,* 5th Dist. Licking No. 008 CA 101, 2009-Ohio-4828, ¶ 41.

{¶ 29} Upon review, we find the trial court's determination to be supported by the record, and find no genuine issue of material fact to exist on the complained of issues.

{¶ 30} Assignment of Error I is granted in part, but does not affect the outcome of the case. Assignments of Error III and IV are denied.

II

{¶ 31} In his second assignment of error, appellant claims the trial court erred in converting Rubbertec's motion to dismiss to a motion for summary judgment without providing him notice. We disagree.

{¶ 32} In support of his argument, appellant cites the case of *Petrey v. Simon,* 4 Ohio St.3d 154, 447 N.E.2d 1285 (1983). At paragraph one of the syllabus, the *Petrey* court stated: "A court must notify all parties when it converts a motion to dismiss for failure to state a claim into a motion for summary judgment." The *Petrey* court followed and construed Civ.R. 12(B). However, Rubbertec filed its motion to dismiss under Civ.R. 23.1 which states in part: "The derivative action may not be maintained if it appears that the

plaintiff does not fairly and adequately represent the interests of the shareholders similarly situated in enforcing the right of the corporation."

{¶ 33} In his complaint at ¶ 22, appellant alleged he "will adequately and fairly represent the shareholders similarly situated." After taking depositions, Rubbertec filed its Civ.R. 23.1 motion to dismiss, arguing appellant did not "fairly and adequately" represent the interests of Mr. Knore, the only "similarly situated" shareholder. In support, Rubbertec cited testimony from several depositions filed in the case. Appellant's reply to Rubbertec's motion also cited to deposition testimony. Clearly each party relied on evidence outside the four corners of the complaint. Appellant cannot cite to deposition testimony in support of his position and then complain the trial court treated Rubbertec's motion as a motion for summary judgment. Appellant does not proffer what additional evidence he would have presented on the issue had he had prior notification. We do not find any prejudice to appellant.

{¶ 34} Upon review, we find the trial court did not err in converting Rubbertec's motion to dismiss as a motion for summary judgment without providing appellant notice.

{¶ 35} Assignment of Error II is denied.

V

{¶ 36} In his fifth assignment of error, appellant claims the trial court erred in finding he did not fairly and adequately represent the interest of all similarly situated shareholders. We disagree.

{¶ 37} In its judgment entry, the trial court found "Vasila is plainly not similarly situated to Razavi since Vasila is the target of Razavi's claims." The only other shareholder is Mr. Knore. While both appellant and Mr. Knore are minority shareholders and are similarly situated, to quote the trial court in its judgment entry at 17, "[i]t appears

Knore shares quite literally none of the complaints made by Razavi." Knore depo. at 28, 31-32, 35, 38-39, 42-43, 53, 84. We agree with the trial court's finding, "Knore not only acquiesced in Vasila's actions, but believes they were appropriate and vital to Rubbertec's success." May 28, 2021 Judgment Entry at 18. The trial court concluded appellant "does not fairly and adequately represent the interests of the only other similarly situated shareholder." Based upon Mr. Knore's deposition testimony, we concur with the trial court's conclusion.

{¶ 38} Upon review, we find the trial court's determination to be supported by the record, and find no genuine issue of material fact exists on this issue.

{¶ 39} Assignment of Error V is denied.

{¶ 40} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Wise, John, J. concur.


EEW/db