**FURNESS et al., Appellants and Cross–Appellees,**

**v.**

**POIS, Appellee and Cross–Appellant.**

[Cite as *Furness v. Pois* (1995), 107 Ohio App.3d 719.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 94–P–0090.

Decided Dec. 11, 1995.

*John J. Plough,* for appellants and cross-appellees.

*Timothy J. Coughlin* and *Christopher C. Koehler,* for appellee and cross-appellant.

---

FORD, Presiding Judge.

This is an appeal and cross-appeal from a decision of the Portage County Court of Common Pleas, which granted the motion of Dr. Alan Pois ("appellee") to strike (converted by the trial court into a motion for summary judgment), while also denying appellee's motion for sanctions.

Appellants, James Furness and Judith Furness, filed suit on November 12, 1993, against appellee, alleging medical negligence. The complaint claimed that appellee, while conducting arterial bypass surgery on Mr. Furness, negligently damaged his brachial plexus nerve, resulting in a loss of certain motor skills in Mr. Furness's right arm and hand, as well as the subsequent development of a constant tremor in the same hand. These injuries allegedly ended Mr. Furness's career as a professional carpenter, because the tremor apparently precluded that type of work.

This action had been previously filed, and had been voluntarily dismissed by appellants without prejudice on November 25, 1992, pursuant to Civ.R. 41(A).

On March 1, 1994, one of appellants' attorneys, Michael DelMedico, withdrew as counsel. All further proceedings after that date were handled by appellants' remaining counsel, Terrence Kane.

On June 20, 1994, appellee filed motions to strike appellants' complaint and for sanctions pursuant to Civ.R. 11, alleging that this suit was frivolously filed without any legal or factual basis. After the time to respond to this motion had elapsed, attorney Kane, appellants' only remaining attorney, filed a motion to withdraw, which was granted by the trial court. The order granting the motion to withdraw was signed by appellant James Furness, and was granted on July 19, 1994. No opposition to appellee's motions was ever filed.

A pretrial conference was set for July 25, 1994, which was attended by appellant James Furness. No copy of a transcript of this hearing or suitable substitute is included in the appellate record.

On July 26, 1994, the trial court ruled on appellee's motions, converting the motion to strike into a motion for summary judgment, and granting it. The trial court also overruled appellee's motion for sanctions against appellants and their attorneys for allegedly filing a frivolous lawsuit.

Appellants appeal raising the following as error:

"1. The trial court erred, to the prejudice of [appellants] by dismissing [appellants'] complaint and granting [appellee's] motion to strike, which the court had converted into a motion for summary judgment.

"2. The trial court erred to the prejudice of [appellants] in allowing attorneys for [appellants] to withdraw.

"3. The trial court erred to th[*sic*] prejudice of [appellants] in granting [appellee's] motion to strike without giving [appellants] proper service of the motion and fourteen days to respond thereto.

"4. The trial court erred to the prejudice of [appellants] in not giving them sufficient time to obtain other counsel."

Appellee raises one assignment on cross-appeal:

"The trial court erred in denying [appellee's] motion for sanctions."

We will first address appellants' third assignment and those portions of their first assignment that concern alleged notice deficiencies in the trial court's conversion of appellee's motion to strike into a motion for summary judgment.

Appellants contend that the trial court erred when it converted appellee's motion to strike into a motion for summary judgment, without first giving them appropriate notice and after granting appellants adequate time in which to respond to the conversion. We agree.

The trial court judgment from which this appeal arises reads:

"This matter is before the Court upon motions filed by [appellee] to strike the complaint (essentially a motion for summary judgment) and for sanctions against [appellants], pursuant to R.C. 2323.51. [Appellants] have not responded.

" * * *

"[A] party opposing summary judgment cannot rest on his pleadings, but must produce some credible evidence that a genuine issue of material fact remains for trial. * * *

"[T]he Court finds that there exists no genuine issue as to any material fact, and that [appellee] is entitled to judgment as a matter of law."

Civ.R. 11 reads, in part:

"If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served."

In this case, the trial court converted a Civ.R. 11 motion to strike into a Civ.R. 56 motion for summary judgment. This is not improper. The correct procedure which should have been employed would have been to convert the

motion to strike into a motion for summary judgment, *give due notice to the parties*, and then rule on the converted motion only after the parties have been afforded an adequate opportunity to respond or submit appropriate materials for the summary judgment exercise. See *Petrey v. Simon* (1983), 4 Ohio St.3d 154, 4 OBR 396, 447 N.E.2d 1285; *Mellott v. Brawley* (Mar. 31, 1992), Portage App. No. 91–P–2336, unreported, 1992 WL 86520. While *Petrey* applied to the conversion of motions to dismiss into motions for summary judgment, we find the analysis in that case highly persuasive in this case.

At no point prior to the final decision in this case did the trial court notify the parties that it was converting the motion to strike, which could result in the complaint being stricken, into a motion for summary judgment, which could result in a dispositive judgment of the entire action. While the result ultimately could be similar, it is patently unfair to appellants to do so without giving them appropriate notice of the trial court's intention to convert the motion. The fact that appellants did not timely respond to appellees' motion to strike does not give the trial court the latitude to conclude the entire action pursuant to Civ.R. 56, without first affording all parties appropriate notice of its intention to proceed in that manner.

On remand, the trial court may rule on the motion to strike, or it may give appropriate notice of its intent to convert the motion to strike into a summary judgment exercise, and only then pursue such a course. Appellants' third and the related portions of the first assignment, dealing with notice of the court's intention to convert the motion to strike into a motion for summary judgment, are sustained.

Pursuant to App.R. 12(A), we choose not to address appellants' remaining assignments, as disposition of the third assignment and the issue under the first assignment renders them moot.

█ Appellee's cross-appeal takes issue with the trial court's decision not to award sanctions under Civ.R. 11. The Supreme Court of Ohio has held that the decision of whether to impose sanctions pursuant to Civ.R. 11 is one within the sound discretion of the trial court, and absent an abuse of discretion, the trial court's decision will not be disturbed. *State ex rel. Fant v. Sykes* (1987), 29 Ohio St.3d 65, 29 OBR 446, 505 N.E.2d 966.

In this case, appellee has, at most, only made a colorable claim of frivolous conduct. However, the mere fact that appellee believes that a finding of potentially frivolous conduct would have been reasonable does not make the court's determination that sanctions were not appropriate in this case an abuse of discretion. The decision to grant a summary judgment motion, albeit a converted summary judgment exercise in this case, does not necessarily lead to the

conclusion that a willful violation of Civ.R. 11 has taken place. A trial court could easily rule that summary judgment is appropriate in a given case, but also rule that Civ.R. 11 sanctions are inappropriate. Accordingly, the trial court did not abuse its discretion when it determined that a willful violation of Civ.R. 11 which justified the imposition of sanctions had not occurred, and thereby overrule appellee's motion for sanctions. Appellee's cross-assignment is without merit, and is overruled.

Accordingly, appellants' third assignment and the related portions of appellants' first assignment, dealing with notice of the conversion of the motion to strike into a motion for summary judgment, are sustained. Appellants' remaining assignments will not be addressed. Appellee's cross-appeal is without merit and is overruled. It is the judgment and order of this court that the judgment of the trial court is affirmed in part and reversed and remanded in part for proceedings consistent with this opinion.

*Judgment accordingly.*

CHRISTLEY and NADER, JJ., concur.