OPINION
{¶ 1} This appeal stems from a judgment of the Lake County Court of Common Pleas, dismissing the complaint filed by appellant, the Woodbridge Condominiums Owners' Association ("the Association") against appellees', Richard and Virginia Jennings ("Mr. and Mrs. Jennings") and Phillip and Carol Spensiero ("Mr. and Mrs. Spensiero").[1] For the reasons that follow, we reverse the trial court's determination.
 {¶ 2} By way of background, Mr. and Mrs. Jennings are owners of a condominium unit which is located at 1265 Lost Nation Road, Unit No. 19, in Willoughby, Ohio. However, Mr. and Mrs. Spensiero are tenants of the Jennings, and occupy the condominium unit pursuant to a written lease. The satellite dish, which is the subject of this litigation, is located in the limited common area of the condominium, that is, the patio.[2]
 {¶ 3} On July 3, 2001, appellant filed a complaint alleging that appellees placed a satellite dish within the limited common area of the condominium unit, in violation of a provision contained in the Association's declaration and by-laws. As a result, appellant requested a temporary restraining order, a preliminary and a permanent injunction, as well as monetary damages.
 {¶ 4} After denying appellant's motion for a temporary restraining order in a July 5, 2001 judgment entry, the trial court ordered the parties to "file briefs on the law ***." Thereafter, on August 15, 2001, the parties filed joint stipulations of fact, conceding that the satellite dish was located in the limited common area of the condominium unit, and that the Association's general regulation prohibited an occupant from changing, altering, constructing, or decorating the limited common area, such as a patio or a balcony, without the prior written approval of the Board of Managers. Attached to the joint stipulations were a copy of the Association's general regulation and a color photograph of the satellite dish located on the patio.
 {¶ 5} Pursuant to the trial court's July 5, 2001 order, appellees filed their brief on August 24, 2001. While appellees captioned their brief as a "motion to dismiss," there was no reference to the Civ.R. 12(B) standard.
 {¶ 6} Generally, in their brief, appellees maintained that the placement of a satellite dish on the patio did not violate any provision contained in the Association's regulation and by-laws. In the alternative, appellees argued that even if the placement of a satellite dish in the limited common area of the patio violated a provision contained in the Association's regulation and by-laws, then47 C.F.R. § 1.4000 operated to preempt such regulations and by-laws. Furthermore, appellees claimed that the Spensieros filed a petition with the Federal Communications Commission ("the F.C.C."), on grounds that the Association's restriction did not comply with 47 C.F.R. § 1.4000. Once this petition was filed, appellees concluded that pursuant to47 C.F.R. § 1.4000, appellant was prohibited from instituting any legal action to enforce the Association's general regulation.
 {¶ 7} On September 5 and 7, 2001, appellant countered by filing briefs in support of the complaint for injunctive relief. Therein, appellant maintained that appellees violated the Association's regulation by altering the patio area with the installation of a satellite dish. Appellant also argued that 47 C.F.R. 1.4000 did not preempt the Association's regulation because the patio was not within the exclusive use and control of appellees.[3]
 {¶ 8} Upon consideration, the trial court issued a judgment entry on September 26, 2001, dismissing appellant's complaint. The trial court reasoned that appellees did not violate the Association's regulation, declaration or by-laws because the satellite dish was portable and was not a fixture; thus, it could not be considered a change, alteration, construction, or decoration of any kind as prohibited by the Association's general regulation. The court further determined that47 C.F.R. § 1.4000 was applicable because the patio where the satellite dish was located was within the exclusive use or control of appellees. As a result, the court concluded that the federal regulation preempted the Association's regulation that prohibited appellees from displaying and using a satellite dish.
 {¶ 9} From this judgment, appellant appeals submitting two assignments of error for our consideration:
 {¶ 10} "[1.] The trial court erred to the prejudice of Appellant in denying Appellant's request for temporary and permanent injunctive relief.
 {¶ 11} "[2.] The trial court erred to the prejudice of appellant in dismissing the case in its entirety when there was a separate and independent claim for relief pending before the court."
 {¶ 12} In the first assignment of error, appellant challenges the trial court's decision to dismiss the complaint. Specifically, appellant takes issue with the trial court's determination that the satellite dish did not constitute a change, alteration, construction, or decoration because the dish was movable and not a fixture. According to appellant, there was no evidence that the satellite dish was, in fact, portable.
 {¶ 13} Before we may consider the merits of this assignment of error, we must address a preliminary matter concerning the irregularity of the proceedings below. According to appellant, the trial court made certain factual findings that were not contained in the parties' joint stipulations. We agree.
 {¶ 14} In the instant matter, the record reflects that the parties submitted the matter to the trial court by way of stipulations and written briefs.[4] In the August 15, 2001 joint stipulations, the parties essentially agreed that the satellite dish was located in the limited common area of the condominium unit, and that the Association's general regulation prohibited an occupant from changing, altering, constructing, or decorating the limited common area, such as a patio or a balcony, without the prior written approval of the Board of Managers. Attached to the joint stipulations was Exhibit A, to wit: a color photograph of the satellite dish, depicting where appellees placed it on their patio. This photograph, however, does not illustrate whether the satellite dish was affixed to any portion of the real estate or was a self-standing unit. Likewise, the exact dimensions of the satellite dish cannot be ascertained from this photograph.
 {¶ 15} In its September 29, 2001 judgment entry, the trial court explained that based upon the discussions at a July 3, 2001 conference and the photograph attached to the joint stipulations, the court determined that the satellite dish was 18 inches in diameter and a self-standing unit not permanently affixed to the real estate:
 {¶ 16} "At the July 3, 2001 hearing on the request for a temporary restraining order, the court held discussions in chambers with plaintiff's [appellant] representative, Douglas Roberts, and Defendant [appellee] Phillip Spensiero, about the location, placement, and configuration of the satellite dish in question. Attached to the stipulations filed on August 15, 2001 is Exhibit `A,' a color, 4 inch by 6 inch, glossy photograph of the satellite dish, depicting where defendants [appellees] placed it on their patio. The court hereby makes findings as to the location, placement, and configuration of the satellite dish, based both upon the discussion and descriptions provided by the parties in the chambers conference on July 3, 2001, and the photograph attached as Exhibit A to the stipulations.
 {¶ 17} "The court hereby finds that the dish itself is a DIRECTV 18-inch diameter satellite dish. It is bolted to a pole, which is secured in a cement block base, all of which is a self-standing unit. The dish is not permanently affixed to any of the real estate or real estate fixtures. The dish/pole/base is a unit and is movable, and can be placed anywhere, subject only to the length of the removable coaxial cable connecting the dish to the receiver insider the living quarters of Unit 19. ***
 {¶ 18} "*** [T]he court found that the satellite dish was `portable.' The dish could be moved inside the residence when viewing the television was no longer desired. The satellite dish can be covered, just like a piece of patio furnishing, when not in use.
 {¶ 19} "***
 {¶ 20} "The satellite dish is not a fixture, and cannot be considered a `change, alteration, construction, or decoration of any kind.' Therefore, general regulation number five has not been violated by defendants."
 {¶ 21} No copy of a transcript of the July 3, 2001 conference or a suitable substitute is included in the appellate record. Furthermore, the record fails to reflect that the parties actually agreed that the discussions at the July 3, 2001 conference would be considered as stipulations of fact. In spite of that, the court relied on this discussion in rendering its factual determination. Moreover, the joint stipulations and photograph attached thereto fail to support the trial court's factual findings as to the size, structure, and mobility of the satellite dish.
 {¶ 22} With respect to the trial court's determination that47 C.F.R. 1.4000 was applicable to the instant matter, the court found that the patio of appellees was "within the exclusive use or control of [appellees.]" Again, the stipulations do not reflect that the parties agreed that the patio was, indeed, within the exclusive use or control of appellees.
 {¶ 23} Furthermore, other than appellees' bare assertion, there is no evidence in the record demonstrating that the Spensieros filed a petition with the F.C.C. on the basis that the Association's regulation violated 47 C.F.R. § 1.4000. Thus, contrary to the trial court's determination, the instant litigation is not necessarily barred by47 C.F.R. § 1.4000(a)(4).
 {¶ 24} In summation, because the trial court made factual findings that were not reflected in the record and went beyond the scope of the August 15, 2001 joint stipulations, this matter cannot be properly reviewed for purposes of appeal. See, e.g., Hosler v. Porter ex rel.Estate of Hosler (Feb. 15, 2002), 11th Dist. No. 2000-T-0124, 2002 WL 233498, at 2 (remanding the matter where the trial court, at a trial by way of written briefs, relied on certain stipulations of fact that were not reflected in the record). To this extent, appellant's first assignment of error is well-taken. As such, we must remand this matter for further proceedings.
 {¶ 25} In assignment of error two, appellant claims that he was deprived of the opportunity to present evidence that appellees damaged the condominium property by installing a satellite dish, and that appellees were liable for the cost to repair those damages. In essence, appellant maintains that the trial court merely ruled on the request for injunctive relief and dismissed the case in its entirety without ruling on appellant's claims for monetary damages.
 {¶ 26} Given our disposition in the first assignment of error that this matter is to be remanded for further proceedings, the second assignment of error is rendered moot.
 {¶ 27} Based on the foregoing analysis, appellant's first assignment of error is meritorious to the extent indicated, while the second assignment of error is moot. Accordingly, the judgment of the trial court is reversed, and the matter is remanded for proceedings consistent with this opinion.
DONALD R. FORD and ROBERT A. NADER, JJ., concur.
[1] As a preliminary matter, we note that appellees have failed to file an answer brief in this matter.
[2] The parties agreed to these facts as reflected in the August 15, 2001 joint stipulations.
[3] Attached to appellant's brief was a copy of the Association's declaration.
[4] As an aside, we note that there is no indication from the record that the trial court converted the proceedings into a summary judgment exercise. This is because there was no notice given by the trial court of its intention to convert the proceedings into a summary judgment exercise. Furness v. Pois (1995), 107 Ohio App.3d 719, 721-722.