OPINION
{¶ 1} Appellant, Woodbridge Condominiums Owners' Association ("the Association"), appeals from a judgment of the Lake County Court of Common Pleas, dismissing appellant's complaint in favor of appellees, Richard and Virginia Jennings ("the Jennings") and Phillip and Carol Spensiero ("the Spensieros"). For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} By way of background, the Jennings are owners of a condominium unit which is located at 1265 Lost Nation Road, Unit No. 19, in Willoughby, Ohio. The Spensieros are tenants of the Jennings and occupy the condominium unit pursuant to a written lease. A satellite dish, which is the subject of this litigation, is placed on the unit's patio. The patio is part of the limited common area of the condominium complex.
 {¶ 3} On July 3, 2001, appellant filed a complaint alleging that appellees placed a satellite dish within the limited common area of the condominium unit, in violation of, but not limited to, the Association's declaration and by-laws. As a result, appellant's complaint requested a temporary restraining order, a preliminary and a permanent injunction, and monetary damages.
 {¶ 4} After denying appellant's motion for a temporary restraining order, the trial court ordered the parties to "file briefs on the law * * *." Thereafter, on August 15, 2001, the parties filed joint stipulations of fact, conceding that the satellite dish was located in the limited common area of the condominium unit, and that the Association's general regulations prohibited an occupant from changing, altering, constructing, or decorating the limited common area, such as a patio or a balcony, without the prior written approval of the board of managers. Attached to the joint stipulations were a copy of the Association's general regulations and a color photograph of the satellite dish located on the patio.
 {¶ 5} Pursuant to the trial court's order, appellees filed their brief on August 24, 2001. In their brief, appellees maintained that the placement of a satellite dish on the patio did not violate any provision contained in the Association's regulations or by-laws. In the alternative, appellees argued that even if the placement of a satellite dish in the limited common area of the patio violated a provision within the Association's regulations or by-laws, then Section 1.4000, Title 47, C.F.R. ("47 C.F.R. 1.4000") operated to preempt such regulations and by-laws. Furthermore, appellees claimed that the Spensieros filed a petition with the Federal Communications Commission, on grounds that the Association's restriction did not comply with47 C.F.R. 1.4000. Once this petition was filed, appellees concluded that, pursuant to 47 C.F.R. 1.4000, appellant was prohibited from instituting any legal action to enforce the Association's general regulation against the placement of the satellite dish on the patio.
 {¶ 6} On September 5 and 7, 2001, appellant countered by filing briefs in support of the complaint. Therein, appellant maintained that appellees violated the Association's regulation by altering the patio area with the installation of a satellite dish. Appellant also argued that 47 C.F.R. 1.4000 did not preempt the Association's regulation because the patio was not within the exclusive use and control of appellees.[1]
 {¶ 7} Upon consideration, the trial court issued a judgment entry on September 26, 2001, dismissing appellant's complaint. The trial court reasoned that appellees did not violate the Association's regulations or by-laws because the satellite dish was portable and was not a fixture; thus, it could not be considered a change, alteration, construction, or decoration of any kind as prohibited by the Association's general regulation. The court further determined that 47 C.F.R. 1.4000 was applicable because the patio where the satellite dish was located was within the exclusive use or control of appellees. As a result, the court concluded that the federal regulation preempted the Association's regulation from prohibiting appellees from displaying and using a satellite dish.
 {¶ 8} After appellant filed a timely appeal from the September 26, 2001 judgment entry, this court reversed the trial court's judgment and remanded the matter for further proceedings.Woodbridge Condominiums Owners' Assn. v. Jennings, 11th Dist. No. 2001-L-191, 2002-Ohio-7148. We held that "because the trial court made factual findings that were not reflected in the record and went beyond the scope of the August 15, 2001 joint stipulations, this matter cannot be properly reviewed." Id. at ¶ 24. The specific factual findings that were not adequately reflected in the record were the trial court's determination as to the size, structure, and mobility of the satellite dish. In addition, the court improperly found that the parties had agreed the patio of Unit No. 19 was within the exclusive control of appellees.
 {¶ 9} Upon remand, the trial court held a hearing to remedy the aforementioned factual deficiencies. Testimony during the hearing revealed that the satellite in question had a diameter of eighteen inches and was affixed to a pole which was mounted to a twelve-inch cinder block. The satellite was mobile to an extent, as it could be picked up and moved inside of the unit when not in use. In addition, the testimony at the hearing established that the patio was part of the condominium complex's limited common area. It was also established that the Association could enter upon the patio area to resolve a violation of its regulations or by-laws.
 {¶ 10} Following the hearing, on June 25, 2003, the court issued its second judgment entry dismissing appellant's complaint. The trial court determined that the satellite dish was not in violation of the Association's regulations or by-laws, as it was not affixed to the condominium unit and was not a "change, alteration, construction, or decoration of any kind." Furthermore, the court specifically stated that "it would be unreasonable to read the Declarations and Bylaws so as to require board approval in every instance of a change in porch furnishings."
 {¶ 11} In the alternative, the trial court determined that, even if the satellite dish was in violation of the regulations or by-laws, 47 C.F.R. 1.4000 preempted the regulations and by-laws and, therefore, prohibited appellant from prevailing on its claims. This conclusion was predicated upon the court's determination that the patio area was within appellees' exclusive control.[2]
 {¶ 12} From this judgment, appellant filed a timely notice of appeal and sets forth the following two assignments of error:
 {¶ 13} "[1.] The trial court erred to the prejudice of appellant in denying appellant's request for temporary restraining order and preliminary and permanent injunction and in granting appellees' motion to dismiss.
 {¶ 14} "[2.] The trial court erred to the prejudice of appellant in finding that the declarations and bylaws of the Woodbridge Condominiums Unit Owners' Association were federally preempted by 47 CFR 1.4000(a)(1)."
 {¶ 15} First, we will set forth the appropriate standard of review. Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Our review of a trial court's judgment dismissing a claim pursuant to Civ.R. 12(B)(6) is de novo. West v. Sheets,
11th Dist. No. 2001-L-183, 2002-Ohio-7143 at ¶ 9; Camastro v.Motel 6 Operating, L.P. (Apr. 27, 2001), 11th Dist. No. 2000-T-0053, 2001 Ohio App. LEXIS 1936, at 12-13.
 {¶ 16} As such, to grant a dismissal of a complaint pursuant to Civ.R. 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts entitling him to relief.Celeste v. Wiseco Piston, 151 Ohio App.3d 554, 2003-Ohio-703, at ¶ 12. In construing a complaint upon a motion to dismiss for failure to state a claim, all factual allegations stated in the complaint must be presumed to be true and all reasonable inferences in favor of the nonmoving party be made. Id.
 {¶ 17} Our review will be limited to appellant's second assignment of error, as it is dispositive of this matter. Under its second assignment of error, appellant argues that the trial court erred in determining that even if appellees violated the Association's regulation, such regulation was preempted by federal law pursuant to 47 C.F.R. 1.4000(a)(1). Specifically, appellant argues that because the patio was not under appellees' exclusive use or control, 47 C.F.R. 1.4000(a)(1) is not applicable.
 {¶ 18} "Congress' power to pre-empt state law is derived from the Supremacy Clause of Art. VI of the Federal Constitution."Allis-Chalmers Corp. v. Lueck (1985), 471 U.S. 202, 208. In any case concerning preemption, congressional purpose must be the ultimate focus. Malone v. White Motor Corp. (1978),435 U.S. 497, 504. Thus, we must determine whether the state regulation "`stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" Florida Lime Avocado Growers, Inc. v. Paul (1963), 373 U.S. 132, 141, quotingHines v. Davidowitz (1941), 312 U.S. 52, 67.
 {¶ 19} Here, the relevant section of the Association's regulations states, "[n]o change, alteration, construction or decoration of any kind shall be permitted in the common areas and facilities, (including those portions thereof designated in the Declarations as limited common areas and facilities such as patios and balconies), unless done pursuant to prior written approval of the Board of Managers." It is undisputed that appellees failed to obtain written approval by the board of managers prior to placing the satellite dish on the patio and that the patio is part of the limited common area of the condominium complex. Accordingly, appellees' placement of the satellite on the patio without prior written approval was a per se violation of the Association's regulations.
 {¶ 20} Nevertheless, pursuant to47 C.F.R. 1.4000(a)(1)(i)(A)(B), a regulation relating to the installation of a satellite is preempted when there is:
 {¶ 21} "Any restriction, including but not limited to any state or local law or regulation, including zoning, land-use, or building regulations, or any private covenant, contract provision, lease provision, homeowners' association rule or similar restriction, on property within the exclusive use or control of the antenna user where the user has a direct or indirect ownership or leasehold interest in the property that impairs the installation, maintenance, or use of:
 {¶ 22} "An antenna that is:
 {¶ 23} "Used to receive direct broadcast satellite service, including direct-tohome satellite service, or to receive or transmit fixed wireless signals via satellite, and
 {¶ 24} "One meter or less in diameter * * *."
 {¶ 25} Furthermore, 47 C.F.R. 1.4000(a)(3)(i) provides:
 {¶ 26} "For purposes of this section, a law, regulation, or restriction impairs installation, maintenance, or use of an antenna if it:
 {¶ 27} "Unreasonably delays or prevents installation, maintenance, or use[.]"[3]
 {¶ 28} Clearly, the main objective of47 C.F.R. 1.4000(a)(1)(i)(A)(B) is to prohibit a homeowners' association, such as appellant, from administering any rule or regulation in a manner that would hinder a tenant's installation of a satellite dish, which is less than one meter in diameter, upon property which is under exclusive use or control of such tenant. Accordingly, if we determine that the patio is within the exclusive use or control of appellees and that the regulation unreasonably prevents installation or use of the satellite, then the Association's regulation is preempted by47 C.F.R. 1.4000(a)(1)(i)(A)(B).
 {¶ 29} After careful examination of the record before us, we conclude that the patio, although titled as a limited common area, was under the exclusive use of appellees. As mentioned previously, the parties stipulated that the patio was designated as a limited common area. The Association's declaration and by-laws stated that limited common areas are "[i]ncluded in the Common Areas and Facilities, but restricted to the use of the owners of the units to which such areas and facilities are appurtenant are all * * * patios * * * the foregoing being designated or intended solely for the use of one or more of such Units to the exclusion of others."
 {¶ 30} The clear and unambiguous language of the Association's declaration and by-laws demonstrates that appellees, as unit owners, have exclusive use of the patio. Notwithstanding this clear language, appellant attempts to argue that, because the declaration and by-laws allow the Association a right of access upon limited common areas to remedy a violation, appellees do not have exclusive use or control of the patio.
 {¶ 31} An examination of the Association's declaration and by-laws reveals that it may enter upon any area of the condominium complex, whether it is the actual unit or limited common area, to resolve a violation. Specifically, it states, "[i]f any Unit Owner * * * shall violate any restriction or condition or regulation adopted by the Board * * * the Association shall have the right * * * to enter upon the land which * * * such violation * * * exists and to summarily abate and remove * * * any structure, thing or condition that may exist thereon contrary to the intent and meaning of the provision of this Declaration or of the Bylaws or the rules adopted by the Board[.]"
 {¶ 32} The Association's mere right of access to remedy a violation, standing alone, does not establish that the unit owners do not have exclusive use of the patio. If we were to conclude otherwise, and interpret the relevant language in the manner suggested by appellant, then it would follow that appellees do not have exclusive use or control of any portion of their property. Again, this would be contrary to the clear and unambiguous language of the Association's declaration and by-laws and conflict with the ownership interest of a condominium unit owner under state law. See, e.g., R.C. 5311.03(E)(1), (stating that "[o]wnership of a unit * * * includes the right to exclusive possession, use, and enjoyment of the interior surfaces of all its perimeter walls, floors, and ceilings and of all supporting walls, fixtures, and other parts of the building within its boundaries[.]"
 {¶ 33} That being said, the regulation, as applied in the instant case, unreasonably prevents the use of the satellite dish. Testimony revealed that, notwithstanding the satellite's limited portability, it could not function properly unless placed outside of the unit on the patio. Also, there was no evidence of any viable alternative placement of the satellite which would not violate the regulation and allow for the satellite to function properly. Therefore, the regulation, as applied here, acts to completely prevent the use of the satellite dish in direct contradiction of 47 C.F.R. 1.4000.
 {¶ 34} Because appellees maintain exclusive use of the patio, and because the Association's regulation unreasonably prevents the use of the satellite dish, 47 C.F.R. 1.4000(a)(1)(i)(A)(B) prohibits appellant from applying the regulation in a manner that would hinder appellees' attempt to install or use the satellite dish at issue.[4] Appellant's second assignment of error is without merit.
 {¶ 35} Our holding in appellant's second assignment of error disposes of any further examination of appellant's contentions on appeal. Thus, appellant's first assignment of error is moot.
 {¶ 36} Based upon the foregoing analysis, appellant's second assignment of error is without merit and its first assignment of error is moot. Accordingly, the trial court did not err in dismissing appellant's complaint. The judgment of the trial court is hereby affirmed.
O'Neill, J., Rice, J., concur.
[1] Attached to appellant's brief was a copy of its declaration and bylaws.
[2] We note that there is no indication from the record that the trial court converted the proceedings into a summary judgment exercise. This is because there was no notice given by the trial court of its intention to convert the proceedings into a summary judgment exercise. Furness v. Pois (1995), 107 Ohio App.3d 719,721-722. Thus, we will review the trial court's judgment as a complaint dismissal.
[3] We also note that the exceptions permitting a restriction on the use of a satellite under 47 C.F.R. 1.4000(b)(1)-(3) are not applicable.
[4] We note that the regulation, on its face, is valid with respect to its general prohibition against alterations to the units' patio areas. See, e.g., Georgetown Arms Condominium UnitOwners' Assn. v. Super (1986), 33 Ohio App.3d 132, 133. Our holding in the case sub judice is limited to the application of the regulation to the installation and use of a satellite dish in conformance with the prerequisites of 47 C.F.R. 1.4000.