OPINION
{¶ 1} On August 6, 2004, appellant, Carolyn Horsfall, filed a complaint against appellee, John Woodard, alleging legal malpractice and negligent misrepresentation involving a domestic relations matter. On September 7, 2004, appellee filed a motion to dismiss, claiming the statute of limitations had expired and the complaint failed to state a cause of action. By judgment entry filed January 26, 2005, the trial court granted the motion and dismissed the complaint.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 3} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE RULE 12(B)(6) MOTION TO DISMISS."
 I {¶ 4} Appellant claims the trial court erred in granting appellee's motion to dismiss pursuant to Civ.R. 12(B)(6). We agree.
 {¶ 5} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greely v. Miami Valley Maintenance Contrs. Inc. (1990),49 Ohio St.3d 228. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,65 Ohio St.3d 545, 1992-Ohio-73. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd. v. Faber
(1991), 57 Ohio St.3d 56.
 {¶ 6} Civ.R. 12(B) states in pertinent part:
 {¶ 7} "When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."
 {¶ 8} In granting the Civ.R. 12(B)(6) motion and dismissing the complaint, the trial court found the following:
 {¶ 9} "The Court FINDS that Plaintiff's Decree of Dissolution was granted pursuant to Judgment Entry filed December 29, 2000. The CourtFINDS that paragraph No. 3 of the December 29, 2000, Judgment Entry
states that the parties' Separation Agreement was `voluntarily entered into.'
 {¶ 10} "The Court FINDS that the December 29, 2000, Judgment Entry was not appealed.
 {¶ 11} "Assuming arguendo, that there was an attorney-client relationship on or about July 16, 2002, based upon the letter attached to the Complaint as Exhibit `2', the Court FINDS this fact is not sufficient to state a claim for relief.
 {¶ 12} "The Court FINDS the allegations outlined in Plaintiff's Complaint do not rise to the level of legal malpractice.
 {¶ 13} "The Court FINDS the allegations outlined in Plaintiff's Complaint were filed outside of the one-year statute of limitations."
 {¶ 14} In entering these findings, the trial court sua sponte reviewed the prior domestic relations matter as the December 29, 2000 judgment entry was not included in the complaint. In Lansing v. Hybud EquipmentCo., Stark App. No. 2002CA00112, 2002-Ohio-5869, this court reviewed a similar fact pattern and held the following:
 {¶ 15} "Because the basis of the trial court's ruling is the appellants' prior litigation history, which history does not appear within the four corners of the amended complaint, we find the trial court erred in granting appellees' motions to dismiss under Civ. R. 12(B)(6).
 {¶ 16} "We are cognizant of appellants' response the trial court can take judicial notice of prior lawsuits filed in its own court. While we agree with this proposition, the taking of judicial notice involves consideration of evidence outside the complaint. Before the trial court was authorized to consider the prior litigation history of the parties, it was required to notify all the parties at least fourteen days prior to the time it fixed for hearing if were converting appellees' motions to dismiss for failure to state a claim into motions for summary judgment.Petrey v. Simon (1983), 4 Ohio St.3d 154. The trial court neither fixed a hearing date nor notified the parties it was converting the motions to dismiss into motions for summary judgments.
 {¶ 17} "Furthermore, Civ. R. 12(B)(6) limits consideration of matters outside the pleadings to those specifically enumerated in Civ. R. 56. Consideration of evidence taken by judicial notice is not specifically enumerated in Civ. R. 56(C)."
 {¶ 18} In addition, "A motion to dismiss based on the bar of the statute of limitations is erroneously granted when the complaint does not conclusively show on its face the action is barred by the statute of limitations." Velotta v. Leo Petronzio Landscaping, Inc. (1982),69 Ohio St.2d 376, paragraph three of the syllabus.
 {¶ 19} The only date mentioned in the complaint is May 1, 2003, the date appellant alleged the cause of action to have accrued based upon the filing of a judgment entry in the domestic relations matter on same date.[1]
 {¶ 20} Based upon the above cited cases, we find the trial court considered matters outside the four corners of the complaint and therefore erred in granting the motion to dismiss without converting the matter to a motion for summary judgment.
 {¶ 21} The sole assignment of error is granted.
 {¶ 22} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby reversed.
Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is reversed.
[1] Appellant's first complaint was filed on April 20, 2004, within one year of the alleged accrual date of May 1, 2003. The first complaint was voluntarily dismissed without prejudice on July 1, 2004. The complaint sub judice was filed on August 6, 2004, within the savings statute, R.C.2305.19.