OPINION
{¶ 1} This is an appeal from a Civ. R. 12 (B)(6) ruling by the Common Pleas Court of Stark County discussing Appellant's Complaint.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The facts indicate that in late 1998, Appellee was indicted in Stark County for grand theft in violation of R.C.2913.02 (A)(3).
 {¶ 3} Such charge arose out of the State's claim that Appellee, acting through Blue Coast, Inc., a corporation in the process of meeting certain contractual obligations with Appellant had provided costume jewelry with a lesser amount of gold and/or silver electroplating than that required by such contractual arrangements, thereby defrauding Appellant. Appellant withheld the sum of $350,000 in payments claimed due by Appellee's corporation.
 {¶ 4} In Stark County Court of Common Pleas Case No. 2004CR1967, Appellee was indicted and plead to grand theft.
 {¶ 5} According to Appellee's Brief in Support of a Civ. R. 12(B)(6) Motion, suit was filed in Rhode Island by Blue Coast, Inc. versus Appellant with a counterclaim resulting in a judgment in favor of Blue Coast, Inc. Also, Appellee asserts that a suit in Federal Court on the same issue also was filed.
 {¶ 6} Appellant raises two Assignments of Error:
 ASSIGNMENTS OF ERROR {¶ 7} "I. THE TRIAL COURT ERRED IN DISMISSING PLAINTIFF'S/APPELLANT'S COMPLAINT."
 {¶ 8} "II. THE TRIAL COURT ERRED IN DENYING (SUB SILENTIO) PLAINTIFF'S/APPELLANT'S MOTION FOR DEFAULT JUDGMENT."
 I. {¶ 9} In addressing the First Assignment of Error we must first consider the provisions of Civ. R. 12 (B)(6) which states:
 {¶ 10} "(B) How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
 {¶ 11} "* * *"
 {¶ 12} "(6) failure to state a claim upon which relief can be granted."
 {¶ 13} The First Assignment of Error asserts error in the dismissal by the court of its complaint pursuant to Appellee's Civ. R. 12(B)(6) Motion.
 {¶ 14} The basis for this Assignment is that the plea of Appellee gives rise to a cause of action for civil damages under R.C. § 2307.60.
 {¶ 15} Such statutes provide:
 {¶ 16} "(A) Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law, may recover the costs of maintaining the civil action and attorney's fees if authorized by any provision of the Rules of Civil Procedure or another section of the Revised Code or under the common law of this state, and may recover punitive or exemplary damages if authorized by section 2315.21 or another section of the Revised Code. No record of a conviction, unless obtained by confession in open court, shall be used as evidence in a civil action brought pursuant to division (A) of this section.
 {¶ 17} "(B)(1) As used in division (B) of this section, "tort action" means a civil action for damages for injury, death, or loss to person or property other than a civil action for damages for a breach of contract or another agreement between persons. "Tort action" includes, but is not limited to, a product liability claim, as defined in section 2307.71 of the Revised Code, and an asbestos claim, as defined in section 2307.91 of the Revised Code, an action for wrongful death under Chapter 2125. of the Revised Code, and an action based on derivative claims for relief."
 {¶ 18} Appellant does not deny the results of the civil actions provided to the court in support of Appellee's Motion but states that Appellee was not guilty of a crime warranting a civil suit and damages until the plea occurred, "notwithstanding any previous civil actions".
 {¶ 19} We find such reasoning to be lacking in merit.
 {¶ 20} While the statutes authorize a civil action for damages as a result of criminal conduct, that does not necessarily establish that damages actually resulted.
 {¶ 21} The fraud alleged could have been established without introduction of the guilty plea.
 {¶ 22} There may be no question that the prior civil action in Rhode Island is res judicata as to this action, however, the question to be considered is whether a 12(B)(6) is procedurally appropriate rather than a conversion to a Civil Rule 56 motion as the prior civil actions do not appear in the Complaint.
 {¶ 23} The trial court relied on Mitchell v. Lawson MilkCo. (1989), 40 Ohio St.3d 190, and O'Brien v. Univ. CommunityTenants Union, Inc. (1975), 42 Ohio St.2d 242, while Appellant cites this Court's opinion in Horsfall v. Woodard (2005), Stark App. No. 2005AP020009, 2005-Ohio-6214.
 {¶ 24} The O'Brien, supra, case held in finding that the dismissal was erroneous:
 {¶ 25} The Supreme Court in its opinion states:
 {¶ 26} "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. (Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99,2 L.Ed2d 80, followed.)"
 {¶ 27} The Ohio Supreme Court in Mitchell v. Lawson MilkCo., supra, upheld the trial court's dismissal but did state:
 {¶ 28} "While the facts of this complaint permit a disposition under Civ.R. 12(B)(6), the more complete consideration afforded under Civ.R. 56 (summary judgment) would avoid problems which arise when it is difficult to distinguish `unsupported conclusions' from `facts' in a pleading."
 {¶ 29} This Court in Horsfall v. Woodard, supra, held:
 {¶ 30} "Trial court improperly dismissed claim based on allegation that the claim was barred by the statute of limitations; the court dismissed the claim on the basis of complainant's prior litigation history, which was not included within the four corners of the complaint, the court could not take judicial notice of the prior lawsuits, and the court did not convert the motion to dismiss to a motion for summary judgment, which would have allowed the court to consider evidence outside of the pleadings. Rules Civ.Proc., Rule 12(B)(6), 56(C)."
 {¶ 31} We believe the procedural course required was to convert the Civ.R. 12(B)(6) to a Civ.R. 56 motion.
 {¶ 32} The First Assignment of Error is sustained on this procedural error.
 II. {¶ 33} The Second Assignment of Error asserts the court failed to grant the Motion for default judgment. At the filing of such Motion, the court had before it the 12(B)(6) Motion. The court's ruling at the trial level obviated the need for an answer. Therefore, the Second Assignment of Error is not well taken.
 {¶ 34} The judgment of the Court of Common Pleas of Stark County, Ohio, is reversed at Appellant's costs and remanded for further proceedings in accordance herewith.
Boggins, J. Farmer, P.J. and Edwards, J. concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and remanded. Costs assessed to Appellants.